*Decision will be entered under Rule 50.*

WILLIAM HARRY KNIEP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11567. Promulgated November 13, 1947.

*Ralph E. Kennedy, Esq.*, for the petitioner.
*Frank M. Cavanaugh, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: This proceeding involves gift tax deficiencies of $931.86 for 1943 and $1,113.60 for 1944. All of the facts are stipulated and we adopt the stipulation as our findings of fact herein.

The petitioner is a resident of University City, Missouri. The returns for the taxable years here involved were filed with the collector of internal revenue for the first district of Missouri, at St. Louis.

The petitioner created a trust on March 12, 1943, for the benefit of five of his nephews and nieces and a relative of his deceased wife. The income was to be paid to the beneficiaries quarterly in equal shares until they should each respectively reach the age of sixty, at which time each was to receive a proportionate share of the corpus. It was provided in article V of the trust agreement as follows:

The Grantor hereby authorizes the Trustees to encroach upon the principal of the trust estate for the use and benefit of any of the beneficiaries of the trust herein created to provide for their proper maintenance and support or to provide against any emergency which may arise affecting them occasioned by accident, ill health, misfortune or otherwise, and the Trustees may advance such sum or sums out of the principal of the trust estate for the use and benefit of such beneficiaries as they shall consider reasonable and proper under the circumstances, not to exceed, however, the sum of $1,000.00 for any one beneficiary in any one calendar year, and they may make such advancements from time to time when they believe it proper to do so and for the best interest of the said beneficiaries, within the limits aforesaid. Any amounts so advanced out of the principal of the trust estate as aforesaid shall not affect the share of the income of the beneficiary for whose benefit such encroachment is made from the trust estate then remaining, but the amount of any such advancement shall be charged against and reduce the share of such beneficiary if and when such share is paid over to him or her in accordance with the terms hereof.

The petitioner named himself and the St. Louis Union Trust Co. as trustees.

The petitioner transferred to the trustees on March 12, 1943, 165 shares of Graham Paper Co. 8 per cent cumulative second preferred stock, par value $100 per share. The stock had a fair market value at that time of $17,325.

On May 16, 1944, the petitioner transferred to the trust 500 shares of Burroughs Adding Machine Co. stock which had a value at that time of $6,187.50 and 150 shares of Chesapeake & Ohio Railway Co. stock of a market value of $6,712.50.

Also, during the taxable year 1943 the petitioner made cash gifts of $10 each to the five nephews and nieces named as beneficiaries of the

trust. The respondent now concedes error in treating those gifts as having been made through the trust.

The parties are in agreement that the gifts to the beneficiaries of the income of the trust were gifts of present interests. They differ only as to the method of determining the amounts allowable as exclusions in respect of such gifts, under section 1003 (b) (3), Internal Revenue Code.[1] Under that section of the statute an exclusion of $3,000 is allowable in the case of gifts, other than gifts of future interests, made to any person during or after 1943.

The petitioner contends that each of the gifts of trust income was a gift of a present interest comprising a one-sixth portion of the entire income of the trust for the period specified and that the statutory exclusion of $3,000 applies to the entire present value of each of such gifts. Under the petitioner's contention the allowable exclusions would exceed the amount of the net gifts. The respondent concedes that the gifts of income were gifts of present interests, but contends that in computing the value of those gifts the trust corpus must be reduced each year by the amount which the trustees were authorized under article V of the trust agreement to withdraw from corpus. The total of such possible encroachments on corpus is $1,000 per year for each beneficiary or $6,000 per year. All interests of the beneficiaries in excess of the present value of the right to the income from this diminished trust corpus the respondent treats as gifts of future interests in respect of which no exclusions are allowable.

In the deficiency notice the respondent determined that the allowable exclusions, limited to the present worth of the present interests, amounted to approximately $104 in respect of each of the 1943 gifts and from approximately $265 to $267 in respect of each of the 1944 gifts. Thus, there were allowed total exclusions of $625.17 in 1943 and $1,597.87 in 1944 against total gifts of $17,375 in 1943 and $12,900 in 1944. The remaining present worth of the gifts was treated as gifts of future interests not subject to the statutory exclusions.

The parties have agreed in their stipulation as to the amounts (that is, the present worth of the present interests) against which the exclusions are properly to be applied under their respective contentions.

Our ultimate question is whether in computing the present value of the gifts of trust income the trust corpus should be reduced each year by the amounts which the trustees were authorized in their discretion to withdraw for the use of the beneficiaries, with the resulting

---

[1] SEC. 1003. NET GIFTS.

    *        *        *        *        *        *        *

(b) EXCLUSIONS FROM GIFTS.—

    *        *        *        *        *        *

(3) GIFTS AFTER 1942.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

reduction in the value of the "present interests" against which the statutory exclusion applies.

This question, in principle, was before us in *Margaret A. C. Riter*, 3 T. C. 301, and again in *Andrew Geller*, 9 T. C. 484. We held in those cases that gifts of trust income, although gifts of present interests, could not be ascribed any value where the trustees were given the conditional power at any time to distribute all of the trust corpus, thereby extinguishing the trust income. See also *Merchants National Bank of Boston* v. *Commissioner*, 320 U. S. 256; *Estate of John W. Holmes*, 5 T. C. 1289; *Estate of Nathan P. Cutler, Jr.*, 5 T. C. 1304.

The rule of those cases is clearly applicable here where the trustees were expressly empowered, upon certain contingencies, to distribute up to $1,000 of trust corpus to each beneficiary in each year. The gifts of trust income here were capable of valuation, and therefore subject to the statutory exclusion, only to the extent to which they were not exhaustible by the exercise of the right of the trustees to encroach upon the trust corpus.

The deficiency will be redetermined upon that basis and in accordance with the stipulation herein submitted.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

Murdock, *J.*, dissenting: The reasoning in this case strikes me as illogical. The problem is to discover the value of present interests in gifts. If property were placed in trust for A, the trust deed requiring payment of the income to A during his life and permitting corpus, not to exceed $1,000 in any one year, to be paid to A in the discretion of the trustees, the value of the gift of a present interest to A could not be less than the present right to receive the income from the trust during his life. A was bound to receive at least that benefit and might receive a greater one if, and to the extent that, corpus was paid to him. The present case differs to this extent, that property was placed in trust and an equal part of the income was to be paid to each member of a group during his life, while corpus, not to exceed a certain amount, could be paid to members of the group during that period. It is held that the value of the gift of a present interest to A is less than the present value of his right to receive an equal share of the income of the entire corpus during his life because a part of that corpus may be given to B outright. Similar reasoning is then applied to minimize the value of B's present interest although the group is bound to get either all income from the entire corpus or the more valuable corpus itself. This leads to the result that the total of the values of the gifts of a present

interest to each member of the group would be less than the value of the gift of present interests to the group as a whole. The sum of the parts should equal the whole. I doubt if any such result was intended by Congress in allowing the exclusions for gift tax purposes. The case differs from *Margaret A. C. Riter*, 3 T. C. 301, where the corpus could go to an outsider not a life beneficiary.

LEECH, *J.*, agrees with this dissent.