## KNIEP v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13751.

United States Court of Appeals
Eighth Circuit.
Feb. 10, 1949.

R. Walston Chubb, of St. Louis, Mo., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., and Harry Marselli, George A. Stinson and Melva M. Graney, Sp. Assts. to the Atty. Gen., for respondent.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This petition for a review of the decision of the Tax Court of the United States concerns deficiencies in petitioner's gift taxes for the years 1943 and 1944. The question

is whether, as the Tax Court held, the Commissioner has correctly determined the amounts allowable as exclusions in respect of gifts of present interests under section 1003(b) (3) of the Internal Revenue Code, 26 U.S.C.A. § 1003(b) (3).[1]

On March 12, 1943, the petitioner created a trust for the benefit of six persons. The trustees were directed to pay over to the beneficiaries all of the net income of the trust estate, in equal shares and in quarterly or other convenient installments, until they should each respectively reach the age of 60 years, at which time each was to receive a proportionate share of the trust estate.

Article V of the trust instrument is as follows: "The Grantor hereby authorizes the Trustees to encroach upon the principal of the trust estate for the use and benefit of any of the beneficiaries of the trust herein created to provide for their proper maintenance and support or to provide against any emergency which may arise affecting them occasioned by accident, ill health, misfortune or otherwise, and the Trustees may advance such sum or sums out of the principal of the trust estate for the use and benefit of such beneficiaries as they shall consider reasonable and proper under the circumstances, not to exceed, however, the sum of $1,000.00 for any one beneficiary in any one calendar year, and they may make such advancements from time to time when they believe it proper to do so and for the best interest of said beneficiaries, within the limits aforesaid. Any amounts so advanced out of the principal of the estate as aforesaid shall not affect the share of the income of the beneficiary for whose benefit such encroachment is made from the trust estate then remaining, but the amount of such advancement shall be charged against and reduce the share of such beneficiary if and when such share is paid over to him or her in accordance with the terms hereof."

On the date of the creation of the trust the petitioner transferred to the trustees shares of corporate stock of the fair value of $17,325. On May 16, 1944, petitioner transferred to the trustees other shares of corporate stock of the fair value of $12,900. Petitioner's gift tax returns for the years 1943 and 1944 showed no tax payable, petitioner apparently being of the opinion that the exclusions allowable under section 1003 (b) (3) of the Internal Revenue Code exceeded the amount of the net gifts.[2] The deficiencies involved, as finally determined by the Commissioner and approved by the Tax Court, are $927.74 for the year 1943 and $1,112.47 for the year 1944.

By his transfers to the trustees the petitioner made gifts in 1943 to the six beneficiaries of the trust in the total amount of $17,325, and gifts to the same beneficiaries in 1944 of the value of $12,900. Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909. By section 1003(b) (3) of the Internal Revenue Code the exclusion of $3,000 applies only in case of a gift of a present interest. In the present case the right of each beneficiary to receive trust income constituted a gift to him or her of a present interest, since the donee in each case had the right to its immediate enjoyment. On the other hand, the gifts of corpus were gifts of future interests because limited to commence in use or enjoyment at some future date. As regards the corpus, each beneficiary's right to its possession and use was postponed until the beneficiary reached the age of 60, or until the trustees exercised the discretion to invade the principal of the trust estate. Fondren v. Commissioner, 324 U.S. 18, 21, 65 S.Ct. 499, 89 L.Ed. 668; Commissioner v. Disston, 325 U.S. 442, 446, 447, 65 S.Ct. 1328, 89 L.Ed.

---

[1] "§ 1003. Net Gifts.
"(b) Exclusions from gifts
"(3) Gifts after 1942. In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,-000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

[2] Petitioner made no claim for part or all of the lifetime exemption granted by section 1004 of the Internal Revenue Code, 26 U.S.C.A. § 1004. Cf. Phipps v. Commissioner, 10 Cir., 127 F.2d 214; Richardson v. Commissioner, 2 Cir., 126 F.2d 562.

1720, 158 A.L.R. 166; French v. Commissioner, 8 Cir., 138 F.2d 254, 257.

█ It is necessary, therefore, in order to determine the amount of exclusions allowable to the petitioner on account of the gifts made by him in 1943 and 1944, to determine for each year as of the date of the gift the value of each donee's present interest. The statutory exclusion is applicable only to the extent of such value.

█ Because of the provision in the trust instrument granting the trustees the discretionary power to invade the principal of the trust estate for the benefit of any or all of the beneficiaries, the Commissioner contended and the Tax Court held that, in computing the present worth of gifts of trust income, the trust corpus should be reduced each year by the amount which the trustees were authorized to withdraw for the use of the beneficiaries. The result is a reduction in the present worth of the present interests of the donees as computed by the petitioner, and the determination of the deficiencies to which petitioner objects.

It is, of course, possible that the trustees may not invade the principal of the estate to the extent authorized or to any extent, and that each beneficiary's right to receive trust income may prove to be more valuable than the value determined by the Commissioner by a computation by which the trust estate is reduced each year by the maximum amount possible under the invasion clause of the trust agreement. But, since the present interest in the beneficiaries must be valued as of the time of the gifts and since the exclusions authorized by section 1003(b) (3) are applicable only against gifts of other than future interests, and the right to receive principal through the power of the trustees to invade it is a future interest, the only certainty as of the time of the gifts is that the beneficiaries will receive trust income from the corpus, reduced annually by the maximum extent permitted under article V of the trust agreement. Cf. Merchants Nat. Bank v. Commissioner, 320 U. S. 256, 64 S.Ct. 108, 88 L.Ed. 35; Henslee v. Union Planters National Bank & Trust Company, 69 S.Ct. 290.

The petitioner concedes that, if the Commissioner's method of computation is allowable, the deficiencies determined by him are correct in amount. But the petitioner would compute the present worth of the gifts of present interests upon the full value of the principal of the trust estate without reference to the discretionary power of invasion of principal granted to the trustees in article V. The argument is that, if article V is to be given any effect in the determination of the amount of exclusions allowable under section 1003(b) (3), the necessary result would be to increase rather than to diminish the present worth of the gifts of present interests. Apparently, in the view of the petitioner, the power given to the trustees to invade the principal of the estate for the benefit of the beneficiaries of the trust is in itself a gift of a present interest in the principal of the estate, that is, the present right to receive the principal to the extent of $1,000 a year. Reliance is placed upon Lockard v. Commissioner, 1 Cir., 166 F.2d 409. We are unable to agree with this interpretation of the Lockard case.

In the Lockard case the facts were that Mrs. Lockard, in December 1941, created a trust for the benefit of her husband, with directions to the trustee to pay the entire net income of the trust estate to him for life, and also to pay to her husband such amounts from principal, not in excess of $3,000 in any calendar year, as the trustee in his discretion should think necessary for his comfortable maintenance, the corpus of the estate to revert to the settlor or her assigns on the death of her husband. Mrs Lockard contended that the value of the gift was the value as of December 1941 of the right of the beneficiary to receive the trust income for the remainder of his life, and that, if and when an invasion of the corpus occurred, gifts of principal would then become complete and subject to the gift tax in the years in which distribution of principal to the beneficiary was actually made. The Tax Court rejected this argument, holding that the value of the gift was the present worth of the beneficiary's right to receive each year $3,000 from the principal of the trust for the remainder of his life, together with the present worth of the

right to receive the income of the trust fund reduced annually by $3,000. 7 T.C. 1151. The court of appeals affirmed.

It is important to note that in the Lockard case the only gift of principal of the trust estate resulted from the invasion provision of the trust agreement. Otherwise, the beneficiary had no interest, present or future, in the trust corpus. The court held that this gift of the right to receive principal to the extent of $3,000 annually was complete as of the date of the trust, and, therefore, for gift tax purposes its value was to be determined as of that date. The gift, however, was a gift of a future and not of a present interest. Commissioner v. Disston, supra. Its value as of the date of the gift was not added to the value of the present interest, consisting of the beneficiary's right to receive income, for the purpose of determining the amount of allowable exclusions under section 1003(b) (3), but only for the purpose of determining the total amount of the settlor's gift, the only problem with which the court was concerned.

■ The determination of the Commissioner is presumptively correct. Lockard v. Commissioner, supra. The taxpayer has the burden of proving not only his right to the claimed exclusion, but also the amount of it. Commissioner v. Disston, supra, 325 U.S. at page 449, 65 S.Ct. at page 1331, 89 L.Ed. 1720, 158 A.L.R. 166. The insuperable difficulty with which the petitioner is confronted is that it is impossible for him to prove that the principal of the trust estate, and thus the income from it, will not be decreased by the exercise of the discretionary power of invasion granted to the trustees; or to prove the amount by which the principal, upon which the present worth of the right to receive income must be computed, may be reduced by the exercise of the trustees' power of invasion.

Affirmed.