SYLVIA H. EVANS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22516. Promulgated August 13, 1951.

*Morse Garwood, Esq.*, for the petitioner.
*Albert J. O'Connor, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* In our opinion the primary issue in this case, whether petitioner is entitled to any exclusion [1] other than the $1,000 allowed for 1945 in computing the value of her net gifts by reason of the gifts made in 1945 and 1946 to the trusts, is governed by *William Harry Kniep*, 9 T. C. 943, affd. 172 F. 2d 755, as contended by respondent.

That case involved a trust for the benefit of petitioner's five nephews and nieces and a relative of his wife. Each beneficiary was entitled to income from the trust until each reached the age of 60. The trustee, however, was authorized to encroach upon principal for the benefit of any beneficiary to provide for support and maintenance in an amount not to exceed $1,000 in any year for any beneficiary. We held that the gifts of trust income "were capable of valuation, and therefore subject to the statutory exclusion, *only* to the extent to which they were not exhaustible by the exercise of the right of the trustee to encroach upon the trust corpus." (Emphasis added.)

In the case at hand the trustees were directed to pay over net income to each beneficiary for life and in addition such sum or sums from principal as the corporate trustee in its uncontrolled discretion determined shall be necessary for the education, comfort, and support of the beneficiary or the spouse or children of such beneficiary. The corpus of each trust was therefore *entirely* exhaustible by the trustee in its uncontrolled discretion and, applying the principle of the *Kniep* case, the gift of income from the trust was incapable of valuation.

Petitioner seeks to distinguish the *Kniep* case on the ground that there a single trust with six beneficiaries was involved, while here we have separate trusts for each of the six beneficiaries, also on the ground that each beneficiary in the *Kniep* case had an estate for a term of years with the right to receive principal if he or she survived the term, while here each beneficiary has a life estate with certain additional rights to principal. These differences do not seem to us to be significant.

Nor does the fact that the payments from principal in this case are to be made only to the beneficiary appear to be important. Our problem is to value the present interest of each beneficiary, the right of each to trust income, as of the time of the gifts. As the Court of Appeals said in the *Kniep* case, "the only certainty as of the time

---

[1] Section 1003 (b) (3), Internal Revenue Code, provides for an exclusion of the first $3,000 of any gift, "other than gifts of future interests in property."

of the gifts is that the beneficiaries will receive trust income from the corpus, reduced annually by the maximum extent permitted under * * * the trust agreement." As we have said above, the trust agreement here permitted total exhaustion of trust corpus. Accordingly, the present interests here were incapable of valuation and we hold that the respondent was correct in his disallowance of the claimed exclusions.

In the event the respondent is sustained on the foregoing issue (and we have so decided), petitioner contends she is entitled to an exclusion of $1,000 in connection with the gift of $5,000 made in 1946 to the trust for the benefit of Sylvia E. Taylor. We turn now to that question. The deed of trust gave each beneficiary the right upon attaining the age of 30 to withdraw principal of his or her trust to an amount not exceeding $1,000 in any one year. Sylvia was 30 when the trust was created on December 31, 1945, and therefore immediately was entitled to withdraw that amount from the principal of her trust. Accordingly, petitioner was allowed an exclusion of $1,000 in 1945 on account of the gift made in that year to the trust for Sylvia. Petitioner now claims a similar exclusion for 1946 in connection with the $5,000 which she added to Sylvia's trust in 1946.

We are unable to agree with petitioner's claim. Sylvia's right to receive $1,000 per year from trust corpus was, except for the year 1945, a future interest at the time the trust was created. Petitioner's addition of $5,000 to the trust in 1946 conferred no present right on Sylvia in that year. She already possessed the right on January 1, 1946, to draw down an additional $1,000, or the cumulative amount of $2,000. As the principal of her trust at that time was already $2,500, and thus sufficient to cover the withdrawals to which she was entitled, petitioner's gift of an additional $5,000 to the trust was the gift of a future interest. We hold that petitioner is not entitled to the claimed exclusion in 1946 for the gift of $5,000 to the trust for Sylvia E. Taylor.

Petitioner also contends in her petition that in the event both the above issues are decided against her (which is the case) that she should be allowed to claim so much of her specific exemption as will eliminate the net gifts for 1945 and to apply the balance of the exemption in reduction of the net gifts for 1946. The extent to which petitioner has claimed and has been allowed any portion of her specific exemption of $30,000, as provided in section 1004 (a) (1), Internal Revenue Code, in the computation of gift taxes, if any, for years prior to the taxable years in question, is a matter which respondent may easily ascertain from his records. The petitioner's claim in this proceeding to her presently unused specific exemption will be given effect under a Rule 50 computation.

*Decision will be entered under Rule 50.*