JENNIE BRODY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAVIS BRODY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33965, 33966. Promulgated November 4, 1952.

*David Beck, Esq.*, for the petitioners.
*Stanley W. Herzfeld, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The petitioners in 1947 and again in 1948 transferred certain real property in trust for the benefit of their six children and ten grandchildren, thus creating 16 separate trusts; one for each beneficiary. Each trust provided for the payment of its net income to the beneficiary for life until February 21, 1967, when the trust was to terminate and the corpus was to be distributed to the income beneficiary unless the trust had been previously terminated pursuant to an exercise of the unlimited discretion to accelerate distribution of the corpus given to the trustees.

The gifts of corpus are gifts of future interests with respect to which exclusions are not allowable.[1] Enjoyment of the corpus is deferred by the terms of the instrument until either February 21, 1967, or such time as the trustees in the exercise of their discretion determine to accelerate enjoyment. Since this is true, the gifts of corpus did not create a right in the donees to immediate enjoyment. *United States* v. *Pelzer*, 312 U. S. 399. The fact that these interests vested at their creation does not constitute them present interests. *Andrew Geller*, 9 T. C. 484.

[1] Section 1003 (b) (3) of the Internal Revenue Code:
SEC. 1003. NET GIFTS.
  (b) EXCLUSIONS FROM GIFTS.—
  \* \* \* \* \* \* \*
    (3) GIFTS AFTER 1942.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3.000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

The petitioners recognize the rule set forth by the statute and cases and admit that the gifts of corpus made by them would ordinarily be future interests. However, they argue that the gifts of corpus to the ten minor grandchildren constitute present interests because the minors received as of the date of such gifts as much of the use, possession, and enjoyment of every interest or estate which they could possibly have received under the laws of New Jersey. To support their contention, they rely upon the fact that a minor, under the laws of the State of New Jersey, may not be entrusted with the custody or control of property, and any use or enjoyment of the emoluments thereof must be realized through a guardian or trustee. Thus, the petitioners argue, in order to make an effective gift of realty of which the minors could have the use, possession, and enjoyment, the device of guardianship or trusteeship must be used. It appears at once that the petitioners have neglected to distinguish between the purposes which may legally be accomplished by the use of trusts or guardianship. See Scott on Trusts, vol. 1, sec. 7, pp. 60–61.

In the case at bar, ownership of the property was not given to the minors with actual control in the guardian until the owners became of age; rather trusts were created to last in all but one instance far beyond the coming of age of each minor beneficiary. Thus, the interests created were future interests.

In support of their argument on this point, petitioners rely upon *Kieckhefer* v. *Commissioner*, 189 F. 2d 118, and *Commissioner* v. *Sharp*, 153 F. 2d 163. Neither of these cases sustains the petitioners' argument here. No right was given to the minor beneficiaries herein to acquire the property free of the trusts before the termination date set forth in the instrument. The court in the *Kieckhefer* case pointed out that were it not for the minor beneficiary's power to require the trustee to distribute income and corpus to him, the interests there would have been future interests. As the court in the *Kieckhefer* case pointed out, the minority of the beneficiary can not convert what would otherwise be a present interest into a future interest. By the same token the minority of the beneficiaries herein can not convert what are otherwise future interests into present interests.

The instant case is in no way like *Commissioner* v. *Sharp, supra*. The issue there was whether the gift of trust income to a minor beneficiary was a gift of a present interest.

The petitioners also rely on *Strekalovsky* v. *Delaney*, 78 F. Supp. 556. In that case the trusts provided that upon the demand of a legally appointed guardian of any of the beneficiaries the entire share was to be paid to the guardian. The trusts also provided that during the beneficiary's minority the trustee should pay any part of the beneficiary's share for the beneficiary's benefit as if the interest of the beneficiary

were held by the trustee as guardian and as if the trustee were making payment and distributions in that capacity. Concerning this the court said:

> \* \* \* the second use and purpose above quoted could not set out more clearly that it was the intent of the donor to make an absolute gift for the present use and benefit of each of her children. This is clearly brought out in the last three lines wherein she specified that the trustee was to hold as though he were a guardian. \* \* \*

It is not necessary for us to go into the arguments made by the District Court in deciding the *Strekalovsky* case. It is sufficient to state that the facts of the instant case do not fall within the facts relied upon by the District Court in laying down its opinion. The petitioners' instrument in no way indicates an intention that the trustees hold as guardian for the minor beneficiaries.

If in fact it was the intention of the petitioners to give to the minor beneficiaries herein as great an interest in the ownership, possession and enjoyment of the trust corpus as was permitted by the laws of New Jersey, and we can not find that this was in fact the case, the device chosen by them falls far short of their purpose. The petitioners are bound by the plain terms of their own instrument.

The gifts to the minor children of the corpus were gifts of future interests and by the terms of the statute no exclusion is permissible as to them.

Two of the petitioners' children are trustees of all the trusts. In their own trusts they are both trustee and beneficiary. As pointed out in our findings of fact, under paragraph 2 (b) of the trust agreement the trustees had the power in their sole, absolute, and unlimited discretion to accelerate the distribution of corpus to any of the beneficiaries of the trusts, including themselves. From this the petitioners argue that the gifts of corpus to the two trustee-beneficiaries constitute present gifts for the reason that their dominion and control over their respective trust corpus was for all practical purposes outright owner-ship. An examination of the trust provision on which the petitioners rely to support their argument on this point indicates that the trustees' discretion to accelerate was one which must be exercised jointly. Neither could accelerate the enjoyment of the corpus of his trust without the consent of the other. Thus, the rights of each trustee fall far short of the ownership claimed by the petitioners. We, therefore, hold that the gifts of corpus to the two trustee-beneficiaries were future interests for which no exclusion is permissible.

It has long been held that a transfer of property in trust may create a present interest in the income and a future interest in the corpus. *Sensenbrenner* v. *Commissioner*, 134 F. 2d 883; *Fisher* v. *Commissioner*, 132 F. 2d 383. Were it not for paragraph 2 (b) of the instru-

ment here in question, the petitioners would be entitled to the exclusions for which they argue with respect to the gifts of income to each of the sixteen beneficiaries.

Paragraph 2 (b) of the instrument provides as follows:

2. (b) Notwithstanding anything to the contrary hereinbefore provided, the Trustees may, in their sole, absolute and unlimited discretion, distribute, pay over and transfer to any of the beneficiaries hereinabove named, the corpus of any of their respective trusts, prior to the date of distribution set forth in each such respective trust; and the Trustees shall not be subject to any test of reasonableness in the exercise of such discretion.

It appears at once that the gifts cf income are present interests which can not be valued because the trustees could, pursuant to the discretion granted in the above-quoted paragraph, destroy the income interests at any time by an exercise of their unlimited discretion to distribute the corpus. Since the present interests of income can not be valued, no exclusion may be allowed with respect to them and we so hold. *Sylvia H. Evans*, 17 T. C. 206, affd. 198 F. 2d 435.

In the *Evans* case the taxpayer created separate trusts for the benefit of her six children. Article 1 of the trust deed provided:

1. (a) During the lifetime of each such child Trustees shall pay the net income in quarterly or other convenient installments to him or her, even though a minor, and in addition such sum or sums from principal as in the uncontrolled discretion of the corporate trustee shall be necessary for the education, comfort and support of such child, or of the spouse or children of such child.

Thus, the corpus of each trust was entirely exhaustible at the trustee's discretion. In denying the exclusions, we followed our opinion in *William Harry Kniep*, 9 T. C. 943, affd. 172 F. 2d 755, in which it was held that gifts of trust income "were capable of valuation, and therefore subject to the statutory exclusion, only to the extent to which they were not exhaustible by the exercise of the right of the trustee to encroach upon the trust corpus." Here, as in the *Evans* case, the corpus of each trust involved is entirely exhaustible by the trustees in their uncontrolled discretion. The gifts of income are therefore incapable of valuation and no exclusion is permissible.

While the gifts of income are gifts of present interests, the gifts of the corpus are separate and distinct gifts of future interests, which can not be considered in any evaluation of the present interests. This Court, therefore, is unable to place a value upon the beneficiaries' interests in the income. The petitioners were the masters of their deed of gift; they specifically divided the rights of each beneficiary into those of the present and those of future enjoyment and must accordingly accept the tax consequences of that division.

*Decisions will be entered under Rule 50.*