Cadwell Tyler, II v. Commissioner.
Tyler v. Commissioner
Docket No. 33848.
United States Tax Court
1953 Tax Ct. Memo LEXIS 295; 12 T.C.M. (CCH) 407; T.C.M. (RIA) 53128; April 16, 1953
*295 The petitioner established four trusts for the benefit of his four minor children, the terms of which provided that the income from the trusts should be paid to Jean K. Tyler, wife of the petitioner, for the benefit of the beneficiaries until they attained the age of 21 years, after which time the net income was to be paid to the beneficiary until he or she reached the age of 35 years, at which time the trusts would terminate and the entire corpus be paid to the beneficiaries. Held, the gifts of the corpus were future interests for which no exclusion under Section 1003(b)(3) of the Internal Revenue Code is permissible. Held, further, where each of the four trust instruments contained a provision permitting Jean K. Tyler to encroach upon the corpus for the benefit of the beneficiaries, the present interests of income are incapable of valuation and no exclusion is permissible with respect to the present interests under Section 1003(b)(3) of the Code. C. Leo DeOrsey, Esq., 204 National Savings and Trust Company Building, Washington, D.C., for the petitioner. J. Nelson Anderson, Esq., for the respondent. HILL Memorandum Findings of *296 Fact and Opinion The respondent determined a deficiency in the petitioner's gift tax for the calendar year 1947 in the amount of $239.95. The claimed deficiency results from the respondent's determination that certain gifts in trusts made during the calendar year 1947 by the petitioner to his minor children were gifts of future interests for which no exclusions are allowable under section 1003 of the Internal Revenue Code. The issues presented for our decision are as follows: 1. Whether the gifts made by the petitioner in the taxable year 1947 constituted gifts of future interests in property. 2. If the gifts of income are present interests, are they capable of valuation for purposes of the exclusion allowable under section 1003 of the Code? Findings of Fact The facts stipulated by the parties are found accordingly. The petitioner is a resident of the State of New York. The gift tax return of the petitioner for the year 1947 was filed with the collector of internal revenue for the district of Maryland. The names and dates of birth of the four living children of the petitioner in 1947 were: Jean Cadwell Tyler
December 15, 1940
Caroline Cadwell Tyler
September 27, 1942
Cadwell Tyler, III
April 28, 1944
Humphrey Strang Tyler
April 25, 1946
*297 On December 2, 1947, petitioner executed a separate trust instrument in favor of each of the four above named children, none of whom were more than eight years old at the time the trusts were created. The gift made by the petitioner to each trust consisted of 130 shares of Union Metal Manufacturing Co. common stock having a par value of $1 and valued at $23 per share. Each trust instrument is absolute, irrevocable and names the National Savings and Trust Company of Washington, D.C., as trustee. Each instrument provides that the settlor might transfer and deliver additional property to the trustee for the benefit of the named beneficiary. The provisions of the four trust instruments are identical except as to the beneficiary, and in so far as here pertinent are set out below: "I. That for and in consideration of the sum of One Dollar ($1.00) and the promise and agreement on the part of the Trustee to carry out and execute the trusts hereinafter set forth, the said Grantor has irrevocably assigned, set over and delivered and does hereby irrevocably assign, set over and deliver unto the said Trustee the securities and cash listed in detail in Schedule 'A' hereof, typewritten on one *298 page, attached hereto and made a part hereof, which page is identified by the signature of an officer of the National Savings and Trust Company. The Trustee shall hold the securities listed in said Schedule 'A', hereinafter called the 'Trust Fund', and any and all reinvestments thereof and any and all other property, including cash, which at any time hereafter may be transferred and delivered unto the Trustee to be held under the terms of this Agreement, in and upon the following uses and trusts, nevertheless, that is to say: "(a) IN TRUST, to hold, manage, invest and reinvest the same, to keep the same invested and to collect the interest, revenue and income therefrom; "(b) To remit the net income produced by the said Trust Fund to Jean K. Tyler, wife of the Grantor, to be applied in her sole discretion for the benefit of Jean Cadwell Tyler, daughter of the Grantor, until the said Jean Cadwell Tyler attains the age of twenty-one years; that is, until December 15, 1961, after which the net income shall be remitted to her. "(c) Upon written instructions of the Grantor's wife, Jean K. Tyler, setting forth that funds are required in excess of income for the adequate education, support *299 or maintenance of the said Jean Cadwell Tyler, anything herein to the contrary notwithstanding, the Trustee shall withdraw from corpus and remit to the Grantor's wife, aforesaid, or in accordance with her instructions, such additional funds as may be required for these purposes. The Trustee shall not be required to see to the application of any funds disbursed pursuant to such written instructions and, upon compliance with such instructions, shall be fully discharged and acquitted of any further responsibility with respect to funds so disbursed; "(d) Upon the said Jean Cadwell Tyler attaining the age of thirty-five years, which will occur on December 15, 1975, this Trust shall terminate, and the said Trustee shall convey, assign, transfer and deliver unto the said Jean Cadwell Tyler the entire corpus of the Trust Fund, together with all accrued and accumulated income, in fee simple and in absolute estate. "(e) In the event that the said Jean Cadwell Tyler should predecease the termination of this Trust, as hereinbefore provided, leaving issue surviving her, the said Trustee shall thereafter use and apply the income (and if, in its absolute discretion, the net income is insufficient, *300 it may withdraw such additional funds as may be required from corpus) for the maintenance, support and education of such issue until the youngest surviving issue shall attain the age of twenty-one years, whereupon this Trust shall terminate, and the said Trustee shall convey, assign, transfer and deliver the entire corpus thereof, together with all accrued and accumulated income, unto such issue, per stirpes, in fee simple and in absolute estate. "In the event of the death of the said Jean Cadwell Tyler prior to the termination of this Trust without leaving issue surviving her or, leaving issue, upon the said issue becoming extinct before receiving the final distribution hereinbefore provided, this Trust shall terminate, and the said trustee shall convey, assign, transfer and deliver the entire corpus, together with all accrued and accumulated income, in equal shares to the Trusts created concurrently herewith by the Grantor for the benefit of the sister and brothers of the said Jean Cadwell Tyler, share and share alike, in fee simple and in absolute estate." The four gifts made in trust by the petitioner in the year 1947 for the benefit of his four children constitute gifts of *301 future interests in property as to corpus and present interests as to the gifts of income. The gifts of income, while present gifts, are incapable of valuation. Opinion HILL, Judge: Each of the trusts here involved provide that the net income produced by the individual trust shall be paid to Jean K. Tyler, wife of the grantor, to be applied in her sole discretion for the benefit of the named beneficiary until the beneficiary attains the age of 21 years, after which time the net income is to be paid to the beneficiary until he or she reaches the age of 35 years, at which time the trust shall terminate and the entire corpus be paid to the beneficiary. The gifts of corpus in the four trusts are gifts of future interests with respect to which exclusions are not allowable.[1] Enjoyment of the corpus is deferred by the terms of the instruments until such time as the named beneficiaries reach the age of 35 years. Since this is true, the gifts of corpus did not create a right in the donees to immediate enjoyment. United States v. Pelzer, 312 U.S. 399; Jennie Brody, 19 T.C. 126. That the gifts of corpus were vested subject to defeasance is unimportant. *302 The petitioner, relying upon F. J. Sensenbrenner, 46 B.T.A. 713, affirmed 134 Fed. (2d) 883, Madeleine N. Sharp, 3 T.C. 1062, and similar authorities, contends that the gifts of income are present interests. In this the petitioner is opposed by the respondent, who relies on Willis D. Wood, 16 T.C. 962, and Vivian B. Allen, 3 T.C. 1224. However, it is not necessary for us to inquire into the merits of the parties' arguments upon this point, for assuming that the gifts of trust income are present interests the petitioner is entitled to an exclusion therefor only to the extent that they were not exhaustible by the exercise of Jean K. Tyler's right to encroach upon the corpus. Paragraph I(c) of each of the instruments provides as follows: "(c) Upon written instructions of the Grantor's wife, Jean K. Tyler, setting forth that funds are required in excess of income for the adequate education, support or maintenance of the said * * * [beneficiary], anything herein to the contrary notwithstanding, the Trustee shall withdraw from corpus and remit to the Grantor's wife, aforesaid, or in accordance with her instructions, *303 such additional funds as may be required for these purposes. The Trustee shall not be required to see to the application of any funds disbursed pursuant to such written instructions and, upon compliance with such instructions, shall be fully discharged and acquitted of any further responsibility with respect to funds so disbursed;" This provision of the instruments brings the case squarely within the authority of Sylvia H. Evans, 17 T.C. 206, affirmed 198 Fed. (2d) 435, and Jennie Brody, supra, where we held that the exclusion provided for under the provisions of section 1003(b)(3) of the Internal Revenue Code were allowable only to the extent that the gifts of present interests were not exhaustible by the exercise of the right of the trustee or guardian to encroach upon the trust corpus and hence subject to valuation. Here, as in the Evans and Brody cases, the corpus of each trust involved is entirely exhaustible by an exercise of the discretion vested in Jean K. Tyler. Therefore, the gifts of income are incapable of valuation and no exclusion is permissible with respect to them. Decision will be entered for the respondent. *304 Footnotes
1. SEC. 1003. NET GIFTS. * * *
(b) Exclusions from Gifts. - * * *
(3) Gifts after 1942. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩