Regina L. Herrmann v. Commissioner. George C. Herrmann v. Commissioner.
Herrmann v. Commissioner
Docket Nos. 51645, 51646.
United States Tax Court
T.C. Memo 1955-212; 1955 Tax Ct. Memo LEXIS 126; 14 T.C.M. (CCH) 845; T.C.M. (RIA) 55212; July 27, 1955
*126 Arthur Glover, Esq., for the petitioners. James F. Hoge, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a gift tax deficiency of $223.12 for 1950 against each petitioner. The only issue for decision is whether exclusions of $5,250 in each case are allowable under section 1003(b)(3). Findings of Fact The petitioners, husband and wife, filed separate gift tax returns for 1950 with the collector of internal revenue for the second district of Texas. Each reported total gifts of $27,000 on April 18, 1950. The gifts reported included as items 6 through 11 the transfer of $5,250 shares of stock of Herrmann Brothers, Inc., to Rose Mary Herrmann in trust for six named grandchildren of the donors. Each petitioner claimed total exclusions of $18,750 and a specific exemption of $5,000, leaving net gifts of $3,250 subject to tax. The only adjustment made by the Commissioner in determining the deficiencies was to reduce the exclusions to $13,500 in each case. He explained: "It is held that the gifts in trust returned as Items numbered 6 through and including 11 were gifts of future interests within the meaning *127 of the revenue laws, against which no exclusions are allowable. Therefore, the exclusions claimed against these gifts in trust in the total amount of $5,250.00 are disallowed under Section 1003 of the Internal Revenue Code. Under the terms of the trusts the trustee may distribute to each primary beneficiary from his or her respective trust all or any portion of its corpus to the extent deemed necessary or advisable in the sole judgment of the trustee. Therefore, each trust is entirely exhaustible through distribution by the trustee at any time and the amount of income which might be distributed to each beneficiary is not susceptible of determination and constitutes a gift of a future interest as to the income from the trusts. Since the corpus may or may not be distributed immediately the gifts of the corpus of each trust also constitute a gift of a future interest." The petitioners executed a trust agreement on April 18, 1950 in which they named Rose Mary Herrmann trustee and transferred to her 5,250 shares of stock of Herrmann Brothers, Inc., a corporation, 1,500 shares for the benefit of Ann Kathryn Rogowski and 750 shares each for the benefit of George *128 F., Richard T., Lawrence C., Timothy E. and Roy Lee Baird. The six beneficiaries were minor grandchildren of the donors, but Ann was not born until September 26, 1950. The trust for each grandchild was to be administered as a separate trust. Paragraphs 2 and 4 of the trust agreement were as follows: "2. The annual net income of each trust shall be distributed to or expended for the use and benefit of its respective beneficiary or beneficiaries by the Trustee. The Trustee also may distribute to each grandchild from his or her respective trust all or any portion of its corpus to the extent deemed necessary or advisable in the sole judgment of the Trustee for his or her education, maintenance, and support. * * *
"4. Each trust shall terminate when the beneficiary for whom it was named attains the age of twenty-five years. Upon termination, all properties then remaining in each trust, together with any accumulations thereto, shall be delivered to and vest, in fee simple, in the beneficiary for whom it was named if such beneficiary is then living." Children of a deceased beneficiary were to take the corpus and accumulations of the trust of their parent but if a beneficiary died *129 childless the agreement named others, not including the donors, who were to take, provided the share of any alternate beneficiary was to remain in trust during his or her minority. The beneficiaries could not transfer, dispose of, encumber or anticipate their interests in the trusts. The trusts were irrevocable. Opinion MURDOCK, Judge: The Commissioner did not err in disallowing exclusions of $5,250 to each donor since the following cases support his action: Fondren v. Commissioner, 324 U.S. 18; Elizabeth H. Fisher, 45 B.T.A. 958, affd. 132 Fed. (2d) 383; Jesse S. Phillips, 12 T.C. 216; William Harry Kniep, 9 T.C. 943, affd. 172 Fed. (2d) 755; Sylvia H. Evans, 17 T.C. 206, affd. 198 Fed. (2d) 435; Jennie Brody, 19 T.C. 126, some of which relate to the gift of the corpus and some of which relate also to the gift of the income. Decisions will be entered for the respondent.