Saul Reinfeld v. Commissioner. Evelyn Reinfeld v. Commissioner.
Reinfeld v. Commissioner
Docket Nos. 52657, 52658.
United States Tax Court
T.C. Memo 1955-335; 1955 Tax Ct. Memo LEXIS 2; 14 T.C.M. (CCH) 1326; T.C.M. (RIA) 55335; December 30, 1955
*2 Held, that where trustees had the power and discretion to encroach upon and exhaust the principal of trusts for support and education of the respective beneficiaries, gifts of income from the trusts could not be valued, and the exclusions claimed are not allowable. Saul A. Cohn, C.P.A., 744 Broad Street, Newark, N.J., for the petitioners. John J. Hopkins, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: The respondent determined deficiencies in gift taxes of the petitioners as follows: Saul Reinfeld
Year
Tax
Deficiency
1950
Gift
$913.58
1951
Gift
899.72
Evelyn Reinfeld
1950
Gift
$708.62
1951
Gift
717.10
All of the facts are stipulated, and are incorporated herein by reference. The issue is whether gifts of income from the trusts here involved can be valued as a basis for allowance of claimed exclusions where the trustees had the power and discretion to encroach upon and exhaust the principal of the trusts for support and education of the respective beneficiaries. [Findings of Fact] The petitioners are husband and wife, whose address is 441 Twin Oak Road, South Orange, New *3 Jersey. By an instrument dated December 16, 1950, Saul Reinfeld, as settlor, entered into a trust agreement with Frances Bernheim, himself, and his wife, Evelyn Reinfeld, as trustees, pursuant to which 60 shares of 6 per cent cumulative preferred stock of Joseph H. Reinfeld, Inc., valued at $6,000, were assigned and transferred to the trustees, in trust for the settlor's daughter, Patricia D. Reinfeld. By an instrument dated December 16, 1950, Saul Reinfeld, as settlor, entered into a trust agreement with Frances Bernheim, Daniel Marc Bernheim, himself, and his wife, Evelyn Reinfeld, as trustees, pursuant to which 60 shares of 6 per cent cumulative preferred stock of Joseph H. Reinfeld, Inc., valued at $6,000, were assigned and transferred to the trustees, in trust for the settlor's granddaughter, Adelyn Reinfeld Bernheim. Both of the aforesaid trust agreements were similar in form and content with the exception of the named beneficiary and an additional trustee in the Adelyn D. Reinfeld trust. The trust agreement which named Patricia D. Reinfeld as beneficiary thereof, contained, inter alia, the following provisions: "2 - The trustees shall hold, manage, invest and reinvest *4 the trust estate, collect and receive the income thereof and pay or apply the net amount of such income to or to the use of the settlor's daughter, PATRICIA D. REINFELD until she shall attain the age of thirtyfive (35) years and the trustees shall thereupon transfer, pay over and deliver to her all of the then principal of the trust, together with so much of the net income which shall then still remain in the hands of the trustees. "PROVIDED, HOWEVER, that at any time and from time to time, the trustees or the trustee for the time being acting hereunder, may pay or apply to or to the use of said settlor's daughter all of the principal of the trust as hereinbefore provided, as in the judgment of such trustees or trustee may seem to be advisable for the proper support or comfort of such daughter or to enable her to complete her education, or at the time of her marriage, or to become established in a profession or business, or to take advantage of business opportunities; and in the exercise of such discretionary powers said trustees or trustee shall consider only the interest of the daughter of the settlor for whose benefit such power is exercised and no one else." At the date of *5 the respective trust instruments, the beneficiaries and their ages to their respective nearest birthday were as follows: Patricia D. Reinfeld
Age 4
Adelyn Reinfeld Bernheim
Age 1
Saul Reinfeld filed a gift tax return for the year 1950 with the collector of internal revenue for the fifth collection district of New Jersey wherein the aforesaid gifts in trust were reported. Evelyn Reinfeld filed a gift tax return for the year 1950 with the aforesaid collector wherein she consented to have the aforesaid gifts by Saul Reinfeld considered as having been made one-half by her. On their gift tax returns for the taxable year 1950, petitioners claimed a $3,000 exclusion for each of the above gifts in trust. Pursuant to the provisions of section 1012(d) of the Internal Revenue Code of 1939, the petitioners, on December 13, 1951, waived the restrictions on the assessment of additional gift taxes for the taxable year 1950 on the basis that the value of the present interest of the beneficiaries in the trust income, for the purposes of computing the exclusions on the petitioners' gift tax returns, totaled $4,350.38 instead of $6,000 as originally claimed. On March 13, 1951, Saul *6 Reinfeld made additional gifts of 60 shares of 6 per cent cumulative preferred stock of Joseph H. Reinfeld, Inc., valued at $6,000 to each of the above trusts. Saul Reinfeld filed a gift tax return for the year 1951 with the aforesaid collector of internal revenue for the fifth collection district of New Jersey wherein the aforesaid gifts in trust were reported. Evelyn Reinfeld filed a gift tax return for the taxable year 1951 with the same collector wherein she consented to have the aforesaid gifts by Saul Reinfeld considered as having been made one-half by her. On the gift tax returns for the taxable year 1951 the petitioners claimed exclusions of $4,284.39 for the gifts described hereinabove on the basis that this amount represented the value of the then present interest of the beneficiaries in the income of the gifts. The relevant provisions of the Internal Revenue Code of 1939 are as follows: "SEC. 1003. NET GIFTS * * *
"(b) Exclusions from Gifts. * * *
"(3) Gifts after 1942. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 *7 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." The only issue in the case is the amount, if any, which petitioners may be entitled to treat as exclusions from the gifts so made. The answer depends upon whether or not the gifts of income from the trusts were susceptible of valuation, and therefore excludable, within the statutory limit to the extent of such valuation. [Opinion] It is apparent on the face of the trust agreements that the trustees had full discretion to encroach upon and fully exhaust the principal of the trusts for any one or all of a number of purposes. Petitioners urge upon us that because of the ages of the beneficiaries, some of the possible circumstances, such as in the event of marriage, establishing a business or profession, or taking advantage of business opportunities could not arise for many years. Assuming, arguendo, that this might be material under other circumstances, it is clear that the terms of the trust agreements allow, without reservation, encroachment upon, or exhaustion of the principal for "proper support or comfort." Moreover, the use of corpus *8 for education of the beneficiary might well have begun at an early age. The stipulation of facts furnish no basis for holding that any availability of other funds reduces or eliminates such possibilities. Under the circumstances, we think that Sylvia H. Evans, 17 T.C. 206 (1951), affd. (C.A. 3, 1952) 198 Fed. (2d) 435, is controlling and requires us to disallow any part of the claimed exclusions because the interests of the beneficiaries in the income of the trusts here involved are not susceptible of valuation. In Sylvia H. Evans, supra, we said (p. 208): "In the case at hand the trustees were directed to pay over net income to each beneficiary for life and in addition such sum or sums from principal as the corporate trustee in its uncontrolled discretion determined shall be necessary for the education, comfort, and support of the beneficiary or the spouse or children of such beneficiary. The corpus of each trust was therefore entirely exhaustible by the trustee in its uncontrolled discretion and, applying the principle of the Kniep case, the gift of income from the trust was incapable of valuation." See also William Harry Kniep, 9 T.C. 943 (1947), *9 affd. (C.A. 8, 1949) 172 Fed. (2d) 775; Jennie Brody, 19 T.C. 126 (1952). In urging a contrary view, petitioners rely upon Ithaca Trust Co. v. United States, 279 U.S. 151 (1929) in which the Supreme Court had under consideration the value of the residuum of an estate passing to certain charities after the death of decedent's wife, who was entitled to the income for life. The will also permitted the application from principal for the wife's benefit of any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys." The Court, in holding upon the facts that the authority to use corpus did not operate to reduce the charitable remainder, said, in part, as follows (p. 154): "The standard was fixed in fact and capable of being stated in definite terms of money. * * * The income of the estate * * * after debts and specific legacies had been paid, was more than sufficient to maintain the widow as required. There was no uncertainty appreciably greater than the general uncertainty that attends human affairs." We think the foregoing is sufficient, without further discussion, to distinguish Ithaca Trust Co., supra, *10 from the case before us. A similar examination demonstrates that Hartford-Connecticut Trust Co. v. Eaton (D. Ct. Conn., 1930) 41 Fed. (2d) 69, 70, also relied upon by petitioners, is not in point. We hold, therefore, that the claimed exclusions are not allowable. Decisions will be entered under Rule 50.