FARHA SCHAYEK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64664.    Filed January 7, 1960.

*Charles Angulo, Esq.*, for the petitioner.
*Jules W. Breslow, Esq.*, for the respondent.

632

## OPINION.

HARRON, *Judge: Issue 1.*—The first question is whether the amount of petitioner's gift to the trust was $66,000, or $65,250. The petitioner contends that the initial commission of the corporate trustee, $750, was not a gift and properly is to be excluded from the total amount of the property transferred to the trust. The respondent contends that the value of the amount of the property transferred by the donor as of the date of the transfer, namely $66,000, constitutes the amount of the gift, that the trustee's commission of $750 was incident to the administration of the newly created trust, and that an expense incident to the administration of a trust does not diminish the value of the property transferred to the trust or the amount of the gift for gift tax purposes. Neither party cites any case in support of his contention.

The respondent relies upon an estate tax ruling promulgated in 1935, E.T. 7, XIV-1 C.B. 382, which states as follows:

Where a gift consists of a transfer of property in trust, the amount of the gift for the purpose of computing gift tax is the value of the property at the date of transfer undiminished by trustees' commissions.

\* \* \* \* \* \* \*

The value of the property transferred as of the date of transfer constitutes the amount of the gift. The tax, being imposed upon the transfer by the donor, must be computed upon the value of the property passing from the donor. The fact that the value received by the donee may be less than that passing from the donor does not alter the basis of computation. Where the gift consists of a transfer of property in trust, expenses incident to the administration of the trust do not diminish the value of the property transferred or the amount of the gift for gift tax purposes. It is accordingly held that where a gift consists of a transfer of property in trust, the amount of the gift, for gift tax purposes, is the value of the property at the date of transfer undiminished by trustees' commissions for receiving and disbursing the trust property.

The respondent's contention that the value or amount of the petitioner's gift in trust was $66,000 is correct. As a matter of fact, the property transferred to the trust is described in the trust agreement, schedule A, as $66,000 in cash.

The gift tax is a tax "imposed upon the transfer \* \* \* by any individual \* \* \* of property by gift." Section 1000(a) of the 1939 Code and Regulations 108, section 86.3, provide that the tax is an excise upon the donor's act of making the transfer, and is measured by the value of property passing from the donor; and that the tax is not imposed upon the receipt of property by the donee, nor is it measured by the enrichment resulting to the donee from the transfer. The cited provision in the regulation is the same as the first paragraph of Regulations 79, article 3; both are a long-standing interpretation of the gift tax statute which has continued for many years without change; the regulation is deemed to have received congressional approval and to have the effect of law. *Helvering* v. *Winmill*, 305 U.S. 79. The respondent's determination is in accord with the pertinent part of the regulation.

The petitioner gave up and relinquished control over $66,000. The gift tax is to be measured by that amount.

The petitioner made her transfer of $66,000 to a trust. The $750 initial commission of the corporate trustee was an administrative expense of the trust which was to be taken into account in computing its net income (sec. 162(a); Regs. 111, secs. 29.161–1 (a) and (b), and 29.162–1), and such expense, incident to the administration of the trust, did not diminish the value of the property transferred by gift or the amount of the gift for gift tax purposes. The respondent's contention here is correct.

*Issue 2.*—Section 1003(b) (3), governing gifts made after 1942, provides that the first $3,000 of gifts to any donee in each calendar year shall not be included in determining the amount of total gifts made during the year, but this annual exclusion is expressly limited

to gifts other than gifts of future interests in property. The issue is whether the petitioner is entitled to three exclusions of $3,000, each.

When the trust was created in 1953, there were three beneficiaries, of whom one was an adult and two were minors, therefore, three donees of the petitioner's gift in trust. The respondent concedes that the adult beneficiary, David, received a present interest in trust income. His concession is based upon the provisions of section 16 of the Personal Property Law of New York which prohibits all accumulations of trust income except accumulations for minors and in other instances not material here. 40 McKinney's Consolidated Laws of New York 145; *In re United States Trust Co. of New York*, 53 N.Y.S. 2d 262. Under New York law, the provision in article 2 that the individual trustee (if she elected to make its provisions operative) could in her discretion accumulate all or part of the trust income in which David received an interest under the trust and hold such accumulations in a separate account for him was invalid. Except for the provisions of article 2, David had an immediate and unqualified right to receive currently one-half of the net income of the trust. The petitioner's gift to him was a present interest. *Commissioner* v. *Brandegee*, 123 F. 2d 58. However, it is the respondent's contention that David's present interest in the trust income cannot be valued because articles 5 and 2 give the trustees, or the individual trustee, sole and uncontrolled discretion, not limited by any ascertainable standard, to distribute part or all of the income-producing corpus, thereby cutting off his share of income, and, therefore, an exclusion under section 1003 (b) (3) is not allowable. The period of the existence of David's right to receive income could be terminated at any time; the period of the existence of that right cannot be determined; under such circumstances there is no method for valuing his interest in income. Respondent cites as authority for his position the following cases: *Evans* v. *Commissioner*, 198 F. 2d 435, affirming 17 T.C. 206; *Herrmann's Estate* v. *Commissioner*, 235 F. 2d 440; *LaFortune* v. *Commissioner*, 263 F. 2d 186, affirming 29 T.C. 479; and *Jennie Brody*, 19 T.C. 126.

With respect to the gift of trust income to the two minor children, it is the respondent's position that their interests in income were future interests because under articles 7 and 2, the trustees (or trustee) were given the right to "accumulate for the minor's benefit any income which they may deem unnecessary otherwise to apply to such minor's use." In the alternative, respondent contends that if the minor beneficiaries received present interests in income, such interests were incapable of valuation for the same reasons already stated with respect to David's interest.

The petitioner takes the position that the *Evans* case should not be followed. She contends, further, that there was an understanding

between her and the individual trustee that no principal would be paid to any of the beneficiaries until the British foreign exchange controls are removed and the beneficiaries are permitted to receive and retain dollars, and that effect should be given to this oral understanding. Although we deem it unnecessary to set forth petitioner's arguments at length, consideration has been given to them. Petitioner relies upon *William H. Robertson*, 26 T.C. 246; and *Hugh McK. Jones*, 29 T.C. 200.

Consideration is given first to the interests of the two minors in trust income. If these interests are present interests, the beneficiaries must have the immediate right to receive, use, possess, or enjoy the income, *Fondren* v. *Commissioner*, 324 U.S. 18, 20; *Commissioner* v. *Disston*, 325 U.S. 442, or, at the very least, someone standing in the shoes of a beneficiary, such as a parent or a guardian must under the trust agreement have the unqualified right to make effective demand at any time for the immediate use, possession, and enjoyment by the beneficiaries of the income. Cf. *George W. Perkins*, 27 T.C. 601, where such right existed; *Stifel* v. *Commissioner*, 197 F. 2d 107, affirming 17 T.C. 647, where there was no person who could make such effective demand for the immediate enjoyment of the beneficiaries.

Although the trustees are authorized in article 1 to apply to the use of the issue of David, "from time to time," one-half of the trust income in equal shares, they are given the sole discretion, by article 7, to apply only so much of the income to their use during their minority, as they may deem advisable, and they may also accumulate any income which they may deem unnecessary otherwise to apply to a minor's use. All of the trust provisions dealing with the minor beneficiaries' rights to receive income must be considered in determining the right with which each beneficiary was endowed. It is now well settled that "where a donee's enjoyment and use of a gift are subject to the exercise of the discretion of a trustee, the donee's interest is a future interest and the statutory exclusion has been denied." *Frances McGuire Rassas*, 17 T.C. 160, 164, affd. 196 F. 2d 611; *Willis D. Wood*, 16 T.C. 962; *Commissioner* v. *Brandegee*, *supra;* and *William Goehner*, 28 T.C. 542. On the face of the provisions of article 5 of the trust, the minor beneficiaries' interests in the trust income are future interests, and it must be concluded that the reasoning of *Fondren* v. *Commissioner*, *supra*, and *Commissioner* v. *Disston*, *supra*, applies here.

We are not unmindful of the fact that during each year from the creation of the trust through 1958, the trustees have made distributions of the entire net amount of the trust income to all of the three beneficiaries. That circumstance means only that the trustees did

not exercise their power to accumulate any part of each minor's share of the current net income. It is a circumstance which cannot be recognized as determinative of the question. In the *Disston* case it was noted that the taxpayer claiming the exclusion has the burden of showing that "the value of what he claims is other than a future interest," and that in the absence of some indication from the face of the trust or surrounding circumstances "that *a steady flow* of some ascertainable portion of income to the minor would be required there is no basis for a conclusion that there is a gift of anything other than for the future." (Emphasis supplied.) Under the provisions of article 7, the trustees may at any time determine that the minor's share of trust income shall be accumulated, and such power and discretion of the trustees negates the existence of a present right to continuously have the use and enjoyment of the income.

We must conclude, applying the test stated in the *Fondren* case, that certain provisions in article 7 of the trust agreement constitute a barrier between "the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment" and, therefore, the power of the trustees to withhold in any year they deem best and accumulate income makes the gifts of income to the minor beneficiaries' future interests.

It is necessary to consider also whether the gift of trust income to David is capable of evaluation. What is concluded in this respect is equally applicable to whether the interests of the minors in the trust income are capable of valuation, if their interests could be held to be present interests (which we have concluded above, however, cannot be done).

Because of the provisions of article 5 of the trust agreement, which empower the trustees to apply to the use of David or any one or more of the other beneficiaries, an amount or amounts of the trust principal, without limitation and including the whole of the principal, it must be concluded that the interest of each beneficiary in the trust income, David and each of his minor children, is incapable of valuation and, therefore, no exclusions under section 1003(b)(3) are allowable.

A taxpayer claiming exclusions under section 1003(b)(3) must show not only the right to the exclusion but the amount thereof. *Commissioner* v. *Disston, supra.* Article 5 of the trust agreement gives the trustees (or the individual trustee under article 2) the power to distribute at any time all or part of the corpus to David or any of his issue. Accordingly, it is within the power of the trustees to wipe out at any time the gift of trust income to any or all of the beneficiaries, or to reduce the amount of the income-producing corpus and the income. There is no standard in the trust

agreement which defines or limits the power of invasion of corpus by the trustees, and in this respect the case of *William H. Robertson*, *supra*, *Hugh McK. Jones*, *supra*, and *J. J. Newlin*, 31 T.C. 451, are distinguishable from this case. It is concluded that the gifts of income to each of the beneficiaries of the trust cannot be valued because the trustees could, pursuant to the discretion granted in article 5, destroy the income interests at any time by an exercise of their unlimited discretion to distribute corpus. Since the interests in income cannot be valued, no exclusions may be allowed with respect to them and we so hold. *Jennie Brody*, *supra* at 132; *Evans* v. *Commissioner*, *supra*; *Herrmann's Estate* v. *Commissioner*, *supra*; *LaFortune* v. *Commissioner*, *supra*; *Kniep* v. *Commissioner*, 172 F. 2d 755, 757, affirming 9 T.C. 943; and *Margaret A. C. Riter*, 3 T.C. 301.

The petitioner seeks to avoid the above conclusion by asserting that there is an oral understanding on the part of the individual trustee with the petitioner donor of the trust that no distributions of trust corpus will be made as long as the British foreign exchange controls prohibit a resident of Great Britain from receiving and retaining United States dollars. The petitioner also urges us to take judicial notice of economic facts which in 1953 made the lifting of such foreign exchange controls a then very remote possibility. Consideration has been given to this contention but we are unable to give it the effect sought by the petitioner. It is our view that the question must be decided solely upon consideration of the written trust agreement. Even if we could find and conclude properly that the written trust agreement was supplemented or modified by an oral agreement between the petitioner and her daughter, the individual trustee, which we do not regard as necessary to decide, we would not conclude that the alleged oral agreement was one which could effectively restrain the trustees from exercising the express power given them to invade and distribute corpus in their sole discretion. In our opinion it is unlikely that in the face of the existence of actual needs of a beneficiary for the application of trust corpus to satisfy such needs, the trustees would fail to exercise their power to disburse corpus, or could be enjoined from doing so, merely because the beneficiary could not under British foreign exchange controls receive such distribution in and retain United States dollars. This contention of the petitioner strikes us as being singularly without merit and lacking in practicality in view of the broad powers given to the trustees in the written trust agreement. The petitioner was advised about the existence of the British foreign exchange controls before she executed the trust agreement.

The respondent's determinations denying three exclusions under section 1003(b)(3) for gifts of interests in trust income are sustained.

> *Decision will be entered that there is a deficiency in gift tax for 1953 in the amount of $1,927.52.*