## RASSAS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10527.

United States Court of Appeals
Seventh Circuit.

April 23, 1952.

Samuel T. Lawton, Samuel T. Lawton, Jr., Chicago, Ill., for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., Hilbert P. Zarky, Atty., Washington, D. C., L. W. Post, Sp. Asst. to Atty. Gen., for respondent.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

Petitioner, Frances McGuire Rassas, and her husband, George J. Rassas, on December 29, 1947, created a trust in which they named their twenty-day old daughter, Denice, as beneficiary and themselves as trustees. The assets conveyed to themselves as trustees consisted of stock in two corporations. Petitioner and her husband filed separate income tax returns for the year 1947, showing an aggregate net income of $49,682.16. For the same year, petitioner filed a gift tax return in which she claimed the income from the trust as a gift to the beneficiary of a present inter-

est (the amounts are not in dispute and are immaterial to the question for decision), and that she was entitled to exclude such income (less than $3,000), as provided by Sec. 1003(b)(3) of the Internal Revenue Code, Title 26 U.S.C.A. § 1003(b)(3). The Commissioner disallowed the exclusion, which determination was sustained by the Tax Court. The case is here on petition of the taxpayer to review the decision of the Tax Court.

The contested issue is whether petitioner was entitled to the statutory exclusion, denied by the Tax Court, a resolution of which is dependent upon whether income from the gift was one of a present or future interest.

The section of the Internal Revenue Code (heretofore cited) and Treasury Regulation 108, Sec. 86.11, promulgated thereunder, have been so frequently set forth in the cases that no good purpose could be served in their repetition. Furthermore, there is no issue as to their construction or applicability. The issue for decision, that is, whether the income in controversy was of a present or future interest, is dependent solely upon the terms of the trust agreement.

The controlling provision of the agreement is paragraph 3, which provides:

"3. The Trustees shall pay the income of the Trust Estate unto Denice Rassas in quarterly installments. Payments of such income to said minor shall be made by the Trustees paying and applying, in their sole discretion, so much of the income as may by them be deemed necessary for the maintenance, education and support of the said Denice Rassas during her minority, and any income not so paid and applied shall be accumulated by the Trustees during the minority of the said Denice Rassas, as and for her own separate property, and shall be paid to her upon her coming of age. After said Denice Rassas shall become of age, the Trustees shall pay unto her the entire income of the said Trust Estate until she shall reach the age of twenty-five (25) years. When the said Denice Rassas shall arrive at the age of twenty-five (25) years, the said Trustees shall deliver unto her the principal of the Trust Estate held for her under the terms hereof."

The first sentence in the paragraph just quoted, so strongly relied upon by petitioner, as the Tax Court observed, denotes the gift of a present interest. By that sentence the beneficiary would have had an unqualified right to demand and receive the income in quarterly installments. The entire provision, however, must be considered in determining the right with which the beneficiary was endowed. Immediately following the sentence just referred to, it is provided, "Payments of such income to said minor shall be made by the Trustees paying and applying, in their sole discretion, so much of the income as may by them be deemed necessary for the maintenance, education and support of the said Denice Rassas during her minority, and any income not so paid and applied shall be accumulated by the Trustees during the minority of the said Denice Rassas, as and for her own separate property, and shall be paid to her upon her coming of age." As we read this language, it means that the apparent mandatory obligation which the trustees imposed upon themselves in the first sentence is immediately modified to the extent that such payments are required only in the "sole discretion" of the trustees, and even then only as deemed by them necessary for the maintenance, education and support of the minor. In discussing this provision of the trust agreement, the Tax Court stated:

"In view of the facts which have been stipulated as to the favorable financial condition of Denice's parents, it seems extremely unlikely that the parents, as trustees, will deem it necessary to expend any of the income of the trust for Denice's maintenance, education, and support during her minority. It seems likely that the income, instead of being expended on her behalf for the above purposes, will be accumulated and invested from time to time and paid to her upon her coming of age as paragraph 3 provides."

We think this reasoning is sound, the result of which brings the case squarely within Fondren v. Commissioner of Internal Revenue, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668. In that case, the court, referring to previous decisions, stated 324 U.S. at page 20, 65 S.Ct. at page 501:

"Under these decisions it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property. * * * The question is of time, not when title vests, but when enjoyment begins. Whatever puts the barrier of a substantial period between the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment makes the gift one of a future interest within the meaning of the regulation."

In Commissioner of Internal Revenue v. Disston, 325 U.S. 442, 449, 65 S.Ct. 1328, 1331, 89 L.Ed. 1720, the court stated:

"In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future."

Petitioner attempts to bring this case within our holding in Kieckhefer v. Commissioner of Internal Revenue, 7 Cir., 189 F.2d 118, at page 120, wherein we reversed the Tax Court and held that the gift provided by the trust agreement was of a present interest. In doing so, we set forth in italics the provisions which we thought distinguished it from the Fondren and Disston cases. The distinction, briefly stated, was that in Kieckhefer the trust agreement definitely provided that the beneficiary was entitled at any time, upon demand, to receive all or any part of the trust estate or to terminate the trust in whole or in part. The Kieckhefer and the instant cases are similar only in that the beneficiary in each was a minor and that the right to present enjoyment was not impaired by disabilities incidental to the tender age of the beneficiaries. The clear distinction, however, between the two cases resides in the fact that in the former the trust agreement provided an absolute right to present enjoyment, while in the instant case that right is impaired by the terms of the trust agreement. Thus, even though the right to income is vested, it is a future and not a present interest.

Petitioner places much reliance upon Commissioner of Internal Revenue v. Sharp, 9. Cir., 153 F.2d 163, 165, in which a decision of the Tax Court allowing the exclusion was affirmed. While there is some language in the opinion favorable to petitioner's contention, we think the case is also distinguishable. The pertinent directive in the trust agreement was that the trustee "apply and pay over to the use and for the benefit of my son Donald Nichols Sharp the net income therefrom during his minority, and upon reaching majority to pay the net income to my said son Donald Nichols Sharp during his life." It will be noted that this requirement on the part of the trustee is similar to that contained in the first sentence of the provision before us. There was in that case, however, no discretion lodged in the trustee as to whether or under what circumstances payment would be made to the beneficiary. The court stated 153 F.2d at page 165:

"Whenever the provision is made for immediate application of the funds for the minor's benefit whether of income or corpus, the exemption applies. The fund became available to the beneficiary here for his maintenance immediately upon consummation of the gift. He had at once the right of enjoyment."

We need not cite or discuss other cases relied upon by petitioner. We agree with the Tax Court that the gift was one of a future interest, as that term has been defined in the cases, and that petitioner was not entitled to the exclusion claimed. The decision of the Tax Court is

Affirmed.