Emily Jane Benton v. Commissioner.
Benton v. Commissioner
Docket No. 6093-65.
United States Tax Court
T.C. Memo 1968-61; 1968 Tax Ct. Memo LEXIS 236; 27 T.C.M. (CCH) 332; T.C.M. (RIA) 68061; April 15, 1968. Filed William Robert Mellen, 410 Palmer Bldg., Atlanta, Ga., for the petitioner. David S. Meisel, for the respondent. WITHEY
Memorandum Findings of Fact *237 and Opinion WITHEY, Judge: Respondent determined a deficiency in petitioner's gift tax of $2,700 for the taxable year 1963. The only issue for decision is whether petitioner's gifts in trust of rights to receive the income and, under certain circumstances, part of the corpus of an irrevocable trust established by petitioner are gifts of future interests in property which do not qualify for annual exclusions from the gift tax under section 2503(b) of the Internal Revenue Code of 1954. [1]
Findings of Fact All of the facts have been stipulated. The stipulation together with all the exhibits attached thereto is incorporated herein by reference. Emily Jane Benton, hereinafter referred to as the petitioner, filed a gift tax return for the taxable year 1963 with the district director of internal revenue, Atlanta, Georgia. Petitioner was a resident of the State of Georgia at the time of the filing of the petition herein. On August 22, 1963, petitioner made five transfers in trust, each of an undivided onefifth interest in certain assets of petitioner valued at $190,215 *238 on her gift tax return for the year 1963. The trustee of each trust was The Citizens & Southern National Bank, a national banking association under the laws of the United States (hereinafter called the Trustee). The beneficiaries of the five trusts were as follows: 1. Virginia Benton McGarvey (petitioner's daughter) 2. Mary Benton Brinson (petitioner's daughter) 3. Elizabeth Benton Dasher (petitioner's daughter) 4. Emily Benton Anderson (petitioner's daughter) 333 5. The children of petitioner's son, Edward Joy Benton, Jr., in life during the term of the trust. The children of Edward Joy Benton, Jr., their dates of birth and their ages at the date of the gift are as follows: Edward Joy Benton, III - July 7, 1943 - 20 years Barrett G. Benton - January 24, 1946 - 17 years Julia Evelyn Benton - September 12, 1950 - 12 years Barbara Norris Benton - July 2, 1953 - 10 years The provisions of all five trust instruments entered into by petitioner on August 22, 1963, are the same with the exception of the beneficiaries and successor-beneficiaries, as contained in Item I and Item II of each trust. The principal trust agreement involved herein provides, in relevant *239 part, as follows: I. The Trustee shall distribute all the net income from this trust unto the children of the Trustor's son, EDWARD JOY BENTON, Jr., in life during the term of this trust, equally, in monthly installments. If at any time such net income when added to the distributive share said children receive periodically pursuant to the provisions of the Will of EDWARD JOY BENTON, Sr., shall be insufficient to constitute a total monthly payment of Three Hundred and No/100 Dollars ($300.00), the Trustee is hereby authorized and directed to encroach upon the corpus of the trust from time to time and in such amounts as may be necessary in order to provide a total monthly payment of Three Hundred and No/100 Dollars ($300.00) for distribution among said children, all without the order of any court or other authority and without any liability for so doing. II. Should any of the children of the said EDWARD JOY BENTON, Jr., die during the term of the trust, the share of such deceased child or children shall be distributed to the surviving child or children of the said EDWARD JOY BENTON, Jr., equally under identical terms as hereinbefore provided. Should all of the children of the said *240 EDWARD JOY BENTON, Jr., die during the term of the trust, the share of such children shall be distributed equally to the sisters of the said EDWARD JOY BENTON, Jr., or their descendants per stirpes. If any of the children of the Trustor shall have any adopted child or children, such adopted child or children, for all purposes hereunder, shall be deemed to be the natural issue of the adoptive parent. III. The trust shall terminate upon the death of the last survivor of the children of the Trustor, to wit: MARY BENTON BRINSON, ELIZABETH BENTON DASHER, EMILY BENTON ANDERSON, VIRGINIA BENTON McGARVEY and EDWARD JOY BENTON, Jr., at which time the entire remaining trust estate shall be distributed to the descendants of the children of the Trustor per stirpes in the same manner as hereinbefore provided. IV. If any share, income or corpus shall be distributable hereunder to a beneficiary who is then a minor or under legal disability and no particular provision is made herein with respect thereto, the Trustee may continue to hold such share until such beneficiary attains his or her majority or is not legally incapacitated, and in the meantime, may use such part of the income and/or corpus *241 of the share of such beneficiary as the Trustee may deem neceessary to provide for the support and education of such beneficiary or in its discretion may make distribution in any of the following ways as it may deem desirable: (a) Directly to such beneficiary, if a minor but not under legal disability, without the intervention of a guardian. (b) To a parent or to the person having custody of such beneficiary or to the guardian of such beneficiary if one has been appointed. (c) Deposited in any bank account or accounts of such beneficiary. (d) By the payment of premiums on any insurance policies on the life of and owned by any such beneficiary. (e) By the acquisition of any stocks, bonds, other securities or other property in the name of such beneficiary. V. Irrespective of the manner in which any distributions hereunder are made or the person to whom made, such distributions shall irrevocably vest in and belong to the respective beneficiaries and shall be their exclusive property. On petitioner's gift tax return for the taxable year 1963 she claimed total annual exclusions amounting to $24,000. Petitioner claimed one exclusion for each trust created for a daughter and *242 four exclusions for the trust created for the four children of her son. In the statutory notice of deficiency mailed to petitioner on August 4, 1965, the respondent asserted a deficiency of $2,700 based upon his determination that the four exclusions claimed for the trust created for her grandchildren were not allowable because they were based on gifts of future interests of property. 334 Opinion The question for decision in this case is whether petitioner's gifts of the income and, under certain circumstances, part of the corpus of the trust she created for her four grandchildren, are gifts of a present interest in property so as to qualify for the annual $3,000 exclusion from the gift tax under section 2503(b). [2] Petitioner maintains that the trust instrument requires the Trustee to distribute the trust income to the grandchildren [3] monthly, and that therefore the grandchildren's interest is a present one. Respondent, on the other hand, contends that the rights to receive income may be postponed in enjoyment by the discretionary power of the Trustee to accumulate income and hold the same until the beneficiaries attainment of majority. *243 In order for the grandchildren's interests in the trust income to be present interests, the beneficiaries must have the immediate right to receive, use, possess, or enjoy the income. Sec. 25,2503-3(a), Income Tax Regs.; Fondren v. Commissioner, 324 U.S. 18 (1945); Commissioner v. Disston 325 U.S. 442 (1945). And it is well settled that where a donee's enjoyment and use of gift are subject to the exercise of the discretion of a trustee, the donee's interest is a future interest and the statutory exclusion is not available. Sec. 25.2503-3, Income Tax Regs., Ex. 1; Rassas v. Commissioner, 196 F. 2d 611 (C.A. 7, 1952); Farha Schayek, 33 T.C. 629 (1960); William Goehner, 28 T.C. 542 (1957). Item I of the trust for the grandchildren provides in relevant part: The Trustee shall distribute all the net income from this trust unto the children of the Trustor's son, Edward Joy Benton, Jr., in life during the term of this trust, equally, in monthly installments. * * * If this were the only provision of the trust dealing with the distribution of income, the conclusion that the right to the income *244 was a present interest would be clear. However, Item IV of the trust provides, in relevant part, the following: If any share, income or corpus shall be distributable hereunder to a beneficiary who is then a minor or under legal disability and no particular provision is made herein with respect thereto, the Trustee may continue to hold such share until such beneficiary attains his or her majority or is not legally incapacitated, and in the meantime, may use such part of the income and/or corpus of the share of such beneficiary as the Trustee may deem necessary to provide for the support and education of such beneficiary, or in its discretion may make distribution in any of the following ways as it may deem desirable * * * Respondent contends that Item IV creates a discretionary power in the trustee to hold the income of the trust until the beneficiaries attain majority, which discretion applies to the otherwise seemingly mandatory provisions of Item I, and which discretion makes the grandchildren's interests future interests. Petitioner's argument is that Item IV has no application to Item I, but rather only applies to Item III which provides for the distribution of the remaining *245 trust estate upon the termination of the trust. Alternatively, petitioner argues that even if we are to construe the trust instrument in such a way that Item IV has an effect on Item I, the grandchildren still have a present interest because the only effect of Item IV, according to petitioner, is to provide the means by which the Trustee is authorized to distribute the income and corpus encroachments directly to 335 her grandchildren without regard to the laws or guardianship which otherwise would be applicable to distributions to minors, and does not change the mandatory nature of the distributions under Item I of the trust. [4] We cannot agree with either of petitioner's contentions. *246 Petitioner places great reliance on the specific language contained in Item IV in her argument that the provision only applies to events taking place after termination of the trust. Petitioner construes the word "then" in Item IV as referring to the time of termination of the trust. However, it is our conclusion that "then" refers to the time of distribution of the share, whenever that time might be, and the capacity of the beneficiary at that time. Also, petitioner construes the word "share" to apply only to that which is distributed upon the termination of the trust. However, other provisions of the instrument make clear that it is not so limited. The word "share" is used in Item II to describe the interest which is to be distributed when one or all of the children die during the term of trust. And in Item III, where the termination of the trust is provided for, the phrase "trust estate" rather than "share" is used to describe the distribution which is to be made. The conclusion is clear, then, that the use of the word "share" in no way restricts Item IV solely to events taking place on termination of the trust. Petitioner stresses the phrase "and no particular provision is *247 made herein with respect thereto," arguing that Item IV does not relate to any of the current distributions of income as exact and particular provision is made under Item I with respect to those distributions to petitioner's grandchildren. However, it is our opinion that the word "thereto" applies to minority and legal disability, not to the share distributable to a beneficiary and since no particular provision is found elsewhere in the trust regarding the situations of minority and legal disability, Item IV should be read in connection with, and in amplification of, the pattern of distribution provided for in Item I. Our conclusion derived from an analysis of the specific language of the trust instrument is strengthened by our determination as to the petitioner's intent and purpose in including Item IV in the trust instrument. Petitioner states that, "Item IV is inserted in the trust instrument solely to provide for the contingencies that some trust corpus might be remaining at the time that the trust terminates at the death of the measuring lives." [Emphasis added.] However, this contention is inconsistent with the language of Item IV which clearly contemplates that both income *248 and corpus were to be included under its provision. [5] And, as was shown above, the language of Item IV indicates that it applies to other distributions in addition to those on the termination of the trust. Rather than the limited purpose above attributed to Item IV by petitioner, it is our belief that the intent of the petitioner in including that provision was to provide a specific mechanism by which the Trustee could, without resort to state guardianship laws, deal effectively with the problems of distributions to minors and incompetents, at whatever point in time these problems might arise. If petitioner's concern was limited solely to distributions on the termination of the trust, she could have specifically so provided in the instrument. Petioner's failure to do so casts doubt on the assertion that such a limited application was intended at the time the trust was drafted. Therefore, it is our opinion that the *249 provisions of Item IV are not limited in their application to the situation upon the termination of the trust, but apply with equal force to the current distributions under the trust as contained in Item I thereof. In regard to petitioner's alternative argument, it is contended that even if Item IV applies to Item I, the trustee still must distribute the income, but in so doing he has a choice of five ways in which such distributions may be made; and that the five means of distribution, when considered together, constitute the value, as present 336 interests in the property, of the distributions under Item I. In suport of this position, petitioner first relies upon the fact that Item V of the trust provides that the distributions from the trust vest in and belong to the respective beneficiaries and shall be their exclusive property. However, petitioner fails to recognize that until there has been a distribution no such vesting can take place and, therefore, if the trustee has discretion not to distribute the income, the question of its vested nature never arises. Furthermore, the Supreme Court in Fondren v. Commissioner, supra, has laid to rest the idea that vesting *250 of property rights is the determinative criteria for distinguishing between present and future interests in property. In that case, the Court stated: it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property. These terms are not words of art, like "fee" in the law of seizin * * * but connote the right to substantial present economic benefit. The question is of time, not when title vests, but when enjoyment begins. Whatever puts the barrier of a substantial period between the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment makes the gift one of a future interest * * * [Emphasis supplied.] As for petitioner's argument that the Trustee must distribute the income, but that in so doing, it has a choice of five ways, the language itself of Item IV shows this contention to be erroneous. Item IV specifically states that, "the Trustee may continue to hold such share until such beneficiary attains his or her majority * * * or in its discretion may make distribution in any of the following ways as it may deem desirable." Clearly, the Trustee *251 is given discretion as to whether to distribute the income or to hold it, not merely as to the manner in which he can distribute it. In this respect, the instant case differs from the case of Elise McK. Morgan, 42 T.C. 1080 (1964), affd. per curiam 353 F. 2d 209 (C.A. 4, 1965), upon which petitioner relies. In that case the Court interpreted the language of the instrument as controlling the manner of paying over income rather than the time of its use or enjoyment by the beneficiary. While the trustee was authorized to accumulate income, there was a showing of an immediate need of the beneficiary for the income which would require its distribution, which fact, this Court held, distinguished the case before it from the Fondren and Disston cases, supra. In the present case the record contains no such showing of an immediate need of the beneficiary for the trust income. Petitioner seeks to rebut the conclusion that the Trustee has discretion to withhold income until the grandchildren's attainment of majority by attaching as exhibits to the record the bank statements of the Trustee for the taxable years 1964, 1965, and 1966, in order to show that the Trustee *252 has consistently distributed substantially all the income, and on occasion some principal, to the four minor beneficiaries. Assuming arguendo that the bank statements have the probative value petitioner assigns to them, nevertheless, as this Court stated in Farha Schayek, supra: We are not unmindful of the fact that during each year from the creation of the trust through 1958, the trustees have made distributions of the entire net amount of the trust income to all of the three beneficiaries. That circumstance means only that the trustees did not exercise their power to accumulate any part of each minor's share of the current net income. It is a circumstance which cannot be recognized as determinative of the question [i.e., present interest vel non]. * * * Therefore, we hold that the Trustee has under Item IV the discretion to withhold from the minor beneficiaries of the trust the distributions of current income and/or corpus provided for in Item I (until their attainment of majority), which discretion renders the interests of the beneficiaries future interests in property. Decision will be entered for the respondent. 337 Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 2503. TAXABLE GIFTS. (b) Exclusions from Gifts. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person. Petitioner in this case makes no claim that the gift of the corpus of the trust, other than the corpus distributions described in Item I of the trust instrument, qualifies as a present interest. Nor does petitioner make any claim that section 2503(c)↩ applies to the trust so as to qualify the gifts for an annual exclusion under that section. 3. Item I of the trust also provides for the distribution by the trustee of that amount of corpus necessary in order to provide a total monthly payment of $300 to each child, when the sum of the net income from the trust and of the distributive share under the will of Edward Joy Benton, Sr., received by each child fails to aggregate that amount. Since the determination of whether these corpus distributions constitute present interests is based on the same analysis as whether the income distributions constitute present interests, in our consideration of this issue we shall treat the right to receive trust income as including these corpus encroachments.↩
4. Petitioner also argues that under state law, as well as under the trust instrument, there is an enforceable right in the grandchildren to the income of the trust. However, it is clear that under Georgia law, if the trust either expressly directs or permits net income to be distributed less frequently than annually, the express provisions of the instrument shall govern the time and manner of making distributions of income. Ga. Code Ann., sec. 108-446↩. Thus, the nature and extent of the grandchildren's rights to income must be determined from the trust instrument itself, and Georgia law creates no enforceable rights to income in this case.
5. The first sentence of Item IV commences with the phrase, "If any share, income or corpus," and it is provided later therein that, "in the meantime [Trustee], may use such part of the income and/or corpus of the share of such beneficiary." [Emphasis added.]↩