Hermann M. Hessenbruch v. Commissioner.
Hessenbruch v. Commissioner
Docket No. 16122.
United States Tax Court
1947 Tax Ct. Memo LEXIS 310; 8 T.C.M. (CCH) 157; T.C.M. (RIA) 49036; February 15, 1947
*310 Held, on the evidence submitted that taxpayer has failed to prove that a certain gift in trust was not that of future interest. James F. McMullan, Esq., Girard Trust Bldg., Philadelphia, Pa., for the petitioner. John A. Newton, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: In this case the respondent determined a deficiency in gift tax for the year 1944 in the sum of $720. The single issue presented is whether a certain gift in trust for the benefit of a minor was the gift of a future interest with respect to which an exclusion of $3,000 was not available. The facts were all stipulated substantially as follows: Findings of Fact The petitioner is an individual residing at Old State Road, Paoli, Pennsylvania. The return for the period *311 here involved was filed with the collector of internal revenue for the first district of Pennsylvania. By an agreement in writing dated and executed September 26, 1944, the petitioner, as settlor, created a trust for the benefit of Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2nd. The trust agreement provided, in part, as follows: "To hold, manage, invest, reinvest and keep invested the corpus or principal of said Trust Fund under the powers hereinafter conferred, to demand, collect, sue for and receive the interest, dividends and income therefrom, and, after the payment of all necessary and proper costs and expenses, to pay the net income and ultimately the principal thereof, as follows: "(a) To use and apply the entire net income from said Trust Fund, or so much thereof, as Trustee may deem necessary or desirable, toward the maintenance, education and support of Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2nd, children of Edward L. Davis, during their respective minorities. "(b) When and as Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2nd, shall respectively attain twenty-one years of age, to pay to them the entire net income in equal shares *312 until they respectively attain thirty-five years of age. "(c) When and as Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2nd, shall respectively attain thirty-five years of age, to pay and deliver to the one so attaining said age one-half of the corpus or principal of said Trust Fund, absolutely and in fee simple." The trust agreement was declared to be irrevocable without power in the settlor at any time to revoke the same or any of the provisions thereof. The agreement also contained the following provision: "(j) To invest and reinvest without restriction any undistributed income to which any minor beneficiary hereunder may be entitled until such beneficiary attains twenty-one years of age." The petitioner on September 26, 1944, made a gift of $20,000 in cash to the trustee as corpus of the aforesaid trust. Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2nd, are sons of Edward Lawrence Davis, who, in 1944 and since, have resided with their father in Flourtown, Montgomery County, Pennsylvania. Neither Edward Lawrence Davis, the father, nor Edward Lawrence Davis, Jr., nor Charles Gibbons Davis, 2nd, is related to the petitioner by blood or marriage. *313 On September 26, 1944, Edward Lawrence Davis, Jr., was over twenty-three years of age, having been born February 11, 1921, and Charles Gibbons Davis, 2nd, was twenty years and nine months of age, having been born December 27, 1923. The net income of the trust available for distribution under the agreement of September 26, 1944, between September 26, 1944 and December 27, 1944, was $124.10. One-half of this sum, together with one-half of the net income subsequently received until March 9, 1945, was actually distributed to Charles Gibbons Davis, 2nd, on March 9, 1945. The present value of a right to receive the income from $10,000 for a term of 14 years, calculated on the basis of a 4 per cent return, is $4,225.25. The respondent held that "the gift to Charles Gibbons Davis, 2nd., under the terms of the trust indenture dated September 26, 1944, was a gift of a future interest as to which no exclusion is allowable." Opinion The sole issue is whether the gift to the minor was of a future interest within the meaning of the statute [1] and the interpretative regulation. [2]
*314 As held by the Supreme Court in Commissioner v. Disston, 325 U.S. 442, "The taxpayer claiming the the exclusion must assume the burden of showing that the value of what he claims is other than a future interest." In the case of Fondren v. Commissioner, 324 U.S. 18, the question here at issue was fully considered by the Supreme Court: The observations of the Court in that case are precisely pertinent in the case at hand: "Under these decisions [there above cited] it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property. These terms * * * connote the right to substantial present economic benefit. The question is of time, not when title vests, but when enjoyment begins. Whatever puts the barrier of a substantial period between the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment makes the gift one of a future interest within the meaning of the regulation." The Court spoke further: "The important thing is the certainty of postponement, not certainty of the length of its duration. * * * Again, the crucial *315 thing is postponement of enjoyment, not the fact that the beneficiary is specified and in esse or that the amount of the gift is definite and certain." To the same effect: "The statute in this respect purports to make no distinction between gifts to minors and gifts to adults. If there is deferment in either case the exemption is denied." Yet again, "It does not follow, as petitioners say, that if the exemption does not apply in this case it can apply in no other made for a minor's benefit. Whenever provision is made for immediate application of the fund for such a purpose, whether of income or of corpus, the exemption applies." [all italics supplied]. It will be observed on reading of the above quoted matter that the Supreme Court speaks repeatedly in terms of present or immediate enjoyment as marking a present interest and of "certainty of postponement" or "postponement of enjoyment" as being the indicia of a future interest. Petitioner recognizes that the applicable principles are laid down in the Fondren and Disston cases but contends that those cases are distinguishable. It may be conceded that there is no case that has come to our attention precisely on all fours *316 with the instant case, but, applying the principles discussed in the two cited cases we are unable to agree with petitioner that the cases are distinguishable. Petitioner also submits "that a proper interpretation of all of the terms of the trust instrument * * * leads to the conclusion that the income from the portion of the trust held for the benefit of Charles Gibbons Davis, 2nd. became distributatble to him immediately upon the creation of the trust, and that such discretion as was vested in the trustee related only to the time and manner of the payment or application of the income." We cannot agree with this interpretation. Under the terms of the trust, the obligation of the trustee, during minority of the beneficiary was limited to payments toward the "maintenance, education and support" of the beneficiary and it was only on the attainment of twenty-one years that the right to the entire income matured. In our opinion, the facts in the instant case require us to hold that there was a "postponement of enjoyment" or deferment of possession of the income. We cannot hold that there was an "immediate application" of the income in the minor's case. Fondren v. Commissioner, supra. *317 Bearing in mind the ruling of the Supreme Court that the burden rests on the taxpayer claiming statutory exclusion in computing gift taxes to prove that what he claims is other than a future interest and considering all of the evidence submitted in this case, we are unable to hold that petitioner has satisfactorily carried his burden. We accordingly sustain the respondent. Decision will be entered for the respondent. Footnotes
1. INTERNAL REVENUE CODE SEC. 1003. NET GIFTS. (a) General Definition. - The term "net gifts" means the total amount of gifts made during the calendar year, less the deductions provided in section 1004. (b) Exclusions from Gifts. - * * *
(3) Gifts after 1942. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year. ↩
2. REGULATIONS 108 SEC. 86.11. Future Interests in Property. - No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. The term has no reference to such contractual rights as exist in a bond, note (though bearing no interest until maturity), or in a policy of life insurance, the obligations of which are to be discharged by payment in the future. But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift. For the valuation of future interests, see section 86.19(g).↩