## HESSENBRUCH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10003.

United States Court of Appeals
Third Circuit.

Argued Nov. 25, 1949.

Decided Jan. 6, 1950.

James F. McMullan, Philadelphia, Pa. (Andrew R. McCown, Clark, Brown, McCown, Fortenbaugh & Young, Philadelphia, Pa., on the brief), for petitioner.

Hilbert P. Zarky, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Robert N. Anderson, Virginia H. Adams, Special Assistants to the Attorney General, on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

The issue with which we are confronted here is whether a certain gift in trust to

a minor was other than a gift of a future interest. The problem arises under the Internal Revenue Code, and the Regulations thereto, which exclude from the gift tax, upon conditions, the first $3,000 of the amount of a gift other than of a future interest in property.[1] The Tax Court held that the taxpayer had not succeeded in showing that he made a gift of a present interest, and, accordingly, the annual exclusion was deemed inapplicable. 8 T.C.M. 157.

The facts are not in dispute. The taxpayer, a resident of Pennsylvania, created on September 26, 1944, an irrevocable spendthrift trust, having a corpus of $20,000, for the benefit of Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2d. Neither beneficiary is related to the taxpayer by blood or marriage and both, at the time, resided with their father.

The Trustee was given usual powers of management over the corpus, with directions to distribute it in equal shares to Edward and Charles when and as they reached the age of thirty-five. Gifts over were specified upon the failure of either to reach that age. With respect to the income, the Trustee was directed, "First",

"(a) To use and apply the entire net income from said Trust Fund, or so much thereof, as Trustee may deem necessary or desirable, toward the maintenance, education and support of Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2nd, children of Edward L. Davis, during their respective minorities.

"(b) When and as Edward Lawrence Davis, Jr., and Charles Gibbons Davis, 2nd, shall respectively attain twenty-one years of age, to pay to them the entire net income in equal shares until they respectively attain thirty-five years of age."

and, "Fifth", "(j) To invest and reinvest without restriction any undistributed income to which any minor beneficiary hereunder may be entitled until such beneficiary attains twenty-one years of age."

At the time of the creation of the trust, Edward was above twenty-one years of age, but Charles was twenty years and nine months of age, having been born December 27, 1923.

It is the gift for the benefit of Charles that the taxpayer contends is other than a gift of a future interest. However, the meaning of the term "future interests", as employed in the applicable statute, is now authoritatively settled. Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720, 158 A.L.R. 166; Fondren v. Commissioner, 1945, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668; United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. It is therefore sufficient for the purposes of this case to note that the term establishes a temporal requirement

---

1. Internal Revenue Code: 26 U.S.C.A. § 1003.
"Sec. 1003. Net gifts.
"(a) *General definition.* The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 1004.
"(b) *Exclusions from gifts.* *, * *
"(3) *Gifts after 1942.* In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."
Treasury Regulations 108:
"Sec. 86.11. *Future Interests in Property.* No part of the value of a gift of a future interest may be excluded

in determining the total amount of gifts made during the calendar year. 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. The term has no reference to such contractual rights as exist in a bond, note (though bearing no interest until maturity), or in a policy of life insurance, the obligations of which are to be discharged by payment in the future. But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift. For the valuation of future interests, see section 86.19(g)."

undisturbed by the vesting of title and free of local definitions of property interests. The postponement of use, possession or enjoyment is the criterion of "future interests."

The taxpayer urges that the trust instrument contemplated immediate use of the income, and merely gave the Trustee discretion as to the time and manner of payment or application of the income. The Commissioner, on the contrary, has taken the position that since Charles was a minor, the gift was one as to which enjoyment was postponed. This conclusion is premised upon the Trustee's authority, as the trust instrument is construed by the Commissioner, to distribute or accumulate the income during the beneficiary's minority.

█ The trust instrument is not a model of clarity. However, we think that, through the phrase "or so much thereof" in subparagraph (a), the Trustee was clothed with a discretion to utilize as much of the income as he deemed necessary or desirable, and that he was given the authority, by subparagraph (j), to accumulate the undistributed income. It may be assumed that the Trustee's discretion was not absolute, and that Charles could have required him, in a proper tribunal, to expend something toward his maintenance, education and support. But at the very least, a showing of need would have been indispensable. Under these circumstances, it cannot be said that Charles had an absolute right to the use, possession or enjoyment of an ascertainable portion of the income during his minority. Cf. Welch v. Paine, 1 Cir., 1942, 130 F.2d 990; Commissioner v. Taylor, 3 Cir., 1941, 122 F.2d 714, certiorari denied 314 U.S. 699, 62 S.Ct. 479, 86 L.Ed. 559. And, in our opinion, the case falls within the specific language of Commissioner of Internal Revenue v. Disston, supra, 325 U.S. at pages 448-449, 65 S.Ct. at page 1331, 89 L.Ed. 1720, 158 A.L.R. 166: "The existence of a duty so to apply the income gives no clue to the amount that will be needed for that purpose, or the requirements for maintenance, education and support that were foreseeable at the time the gifts were made. In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future. The taxpayer claiming the exclusion must assume the burden of showing that the value of what he claims is other than a future interest. * * * That burden has not been satisfied in this case."

The taxpayer has not attempted to show surrounding circumstances of the kind that would take the case out of the rule of Commissioner of Internal Revenue v. Disston. Indeed, in view of the trust language, that the income could be used "*toward* the maintenance, education and support" of the minor, and the fact that the taxpayer was not supporting, or under an obligation to support, him, the inference is that the taxpayer merely wished to contribute to upkeep during minority if the Trustee deemed it necessary or desirable; and there is nothing in the record to warrant the conclusion that the taxpayer then regarded the contribution as a necessity.

Finally, the taxpayer suggests that the time element involved was not sufficiently long to justify the conclusion that the gift was not present. But we have no reason for disagreeing with the implicit judgment of the Tax Court that the three months, during which Charles' enjoyment of the income was contingent, was not insubstantial. Indeed, if, as the taxpayer indicates,[2] it was known that Charles would reach his majority at the end of three months, then it is evident that the taxpayer considered the period substantial, else he would not have included the limiting provision under discussion, at least as it is worded.

For the reasons stated, the decision of the Tax Court will be affirmed.

2. Taxpayer's brief, page 9.