ESTATE OF LOUISE JARDELL, DECEASED, ALEC JOHN JARDELL, ADMINISTRATOR, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48489. Filed July 14, 1955.

*Fred H. Sievert, Jr., Esq.*, for the petitioner.
*Robert B. Wallace, Esq.*, for the respondent.

OPINION.

OPPER, *Judge:* A deficiency in gift tax for 1949 of $5,625 is here in issue. The question is whether the subject matter of ten gifts made in that year consisted of future interests so as to preclude the $3,000 exclusions.

All of the facts have been stipulated and they are hereby found. Petitioner's gift tax return for 1949 was filed with the collector of internal revenue for the district of Louisiana.

On October 2, 1949, petitioner, by an Act of Donation, gave to each of her ten children a one-twentieth mineral royalty interest which reads in part as follows:

That she does by these presents, give, grant, donate and assign to her children, ROY ALVIN JARDELL, a resident of Lafayette Parish, Louisiana, ALEC JOHN JARDELL, a resident of Calcasieu Parish, Louisiana, DANIEL JOSEPH JARDELL, a resident of Calcasieu Parish, Louisiana, BERNETT WILLIAM JARDELL, a resident of Calcasieu Parish, Louisiana, MRS. FRANCES HAMBLET, born Jardell, a resident of Calcasieu Parish, Louisiana, MRS. PEARL DAVIS, born Jardell, a resident of Calcasieu Parish, Louisiana, MABEL JARDELL, a resident of Calcasieu Parish, Louisiana, MARIE LOUISE JARDELL, a resident of Calcasieu Parish, Louisiana, HOWARD JARDELL, a resident of Calcasieu Parish, Louisiana, and PAUL P. JARDELL, a resident of Acadia Parish, Louisiana, here present and accepting with gratitude the following described royalty interest:

A mineral royalty interest equal to one-half of all the mineral royalty interest owned and to be paid or delivered to donor from the production of oil, gas and other minerals secured and produced from the above described property.

In the same document the donees signed their acceptance of the gift.

The aforementioned Act of Donation was filed and recorded on November 17, 1949.

The Act of Donation also contained the following recitation:

This donation shall be effective as to production secured from the above described lands commencing January 1, 1950.

The parties are in agreement as to the total valuation of the gifts of $100,000.

A gift tax return for the year 1949 was timely filed by petitioner, and in the return the statutory exclusion of $3,000 for each donee was taken.

Respondent has determined that the statutory exclusions were not allowable because the gifts were of future interests in property under section 1003 (b) of the Internal Revenue Code of 1939, as amended.

Petitioner contends that the gifts were not of future interests in property, and that the statutory exclusions were properly taken and should be allowed.

Respondent makes no contention that a gift of mineral rights or the derivative right to share in royalties under a mineral lease is by its own force a gift of future interests. He insists only that the present gifts were limited to commence in the future—that is, they were made in October 1949 to be effective beginning January 1950. Both authority and logic support his position.

In *Hessenbruch* v. *Commissioner*, (C. A. 3) 178 F. 2d 785, a trust withholding the payment of income during a minority lasting from September 26 to December 27 was held to constitute a future interest. The court remarked:

Under these circumstances, it cannot be said that Charles had an absolute right to the use, possession or enjoyment of an ascertainable portion of the income during his minority. * * *

*        *        *        *        *        *        *

Finally, the taxpayer suggests that the time element involved was not sufficiently long to justify the conclusion that the gift was not present. But we have no reason for disagreeing with the implicit judgment of the Tax Court that the three months, during which Charles' enjoyment of the income was contingent, was not insubstantial. Indeed, if, as the taxpayer indicates, it was known that Charles would reach his majority at the end of three months, then it is evident that the taxpayer considered the period substantial, else he would not have included the limiting provision under discussion, at least as it is worded.

The fact that here the gift did not become subject to effective enjoyment until the following year makes even more applicable the legislative hypothesis that at the time of the gift the eventual donees and their respective interests could not be finally established.[1] If by 1950 any of the donees had died it seems obvious that no gift of any consequence was made to him. The minerals in question were covered by a lease under which the production redounded only to the donor's benefit until that time. There was no more than the possible present vesting

---

[1] "The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts." H. Rept. No. 708, 72d Cong., 1st Sess., p. 29; S. Rept. No. 665, 72d Cong., 1st Sess., p. 41.

of a future right. We cannot say, under the circumstances, that "the right to substantial present economic benefit" arose at the time of the gifts. *Fondren* v. *Commissioner*, 324 U. S. 18, 20.

*Decision will be entered for the respondent.*