MAY G. KLEIN and ROBERT M. KLEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klein v. Commissioner
Docket No. 3124-73.
United States Tax Court
T.C. Memo 1975-145; 1975 Tax Ct. Memo LEXIS 230; 34 T.C.M. (CCH) 682; T.C.M. (RIA) 750145; May 15, 1975, Filed Sanford Becker, *231 for the petitioners. Marwin A. Batt, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: The respondent determined a deficiency for the taxable year 1969 in the Federal gift tax return of May G. Klein in the amount of $825.64 and in the Federal gift tax return of Robert M. Klein in the amount of $825.64. The issue for our decision is whether transfers in trust in 1969 by May G. Klein to Lynn Ann Colaguori, Arthur W. Faust, III, Patricia Lynn Faust, and Katherine Faust were gifts of a present interest in either the principal or the income, thereby qualifying for the annual exclusion pursuant to section 2503(b). [1]
All of the facts have been stipulated. Such facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners May G. Klein and Robert M. Klein, husband and wife, resided in Deal, New Jersey, at the time of the filing of the petition herein. They each filed separate gift tax returns for the year 1969 with the Internal Revenue Service Center, Philadelphia, Pennsylvania. Petitioner Robert M. Klein *232 is involved herein only because he consented in his gift tax return to have one-half of his wife's gifts treated as having been made by him pursuant to the gift splitting provisions of section 2513. On July 1, 1969, May G. Klein established an irrevocable trust for each of the seven children of her doctor and her nurse. Among these were trusts for the following: Beneficiary
Age at Date of Gift
Lynn Ann Colaguori
8
Arthur W. Faust, III
7
Patricia Lynn Faust
10
Katherine Faust
18
The terms of the trust agreements for Lynn Ann Colaguori, Arthur W. Faust, III, and Patricia Lynn Faust, were identical in form. Paragraph 2 of each of these trusts, as represented by the trust for Lynn Ann Colaguori, provided as follows: 2. The Trustees shall hold, manage, invest and reinvest the trust property and shall dispose of the principal and income thereof as follows: (a) to accumulate the net income until the first of the following events occurs: (i) the Beneficiary reaches her 16th birthday; or (ii) the Beneficiary enrolls in and enters high school, college or university and thereafter, to pay over to the Beneficiary the net income therefrom. (b) to pay over *233 to the Beneficiary when she reaches her 25th birthday, one-half of any accumulated income and one-half of the principal, and to pay over to her the balance of both when she reaches her 30th birthday; (c) to pay to or for the Beneficiary, in addition, from time to time, any accumulated income and principal which the Trustees, in their sole discretion, deem advisable: (d) if the Beneficiary shall die before attaining her 30th birthday, then upon her death to pay over all unexpended income and principal to the trust created by the Grantor contemporaneously with this trust for the benefit of her sister; and such sister, if she has then reached her 30th birthday, shall take the share which the trust for her benefit would have received if she had been under 30 years of age. [2]
The trust agreement for Katherine Faust was similar but it provided that the trustees were to pay over to the beneficiary the net income from the trust immediately. The trustees were to pay to the beneficiary one-half of the principal *234 when she reached age 25 with the balance payable at age 30. In addition, the trustees could pay to or for the beneficiary, from time to time, any portions of the principal which they, in their sole discretion, deemed advisable. Should Katherine Faust die before age 30, all of the unexpended trust fund would be paid over to trusts created contemporaneously by May G. Klein for Katherine Faust's brother and three sisters. The principal of each trust consisted of bonds in the aggregate amount of $25,000. On the date of the gifts, none of the beneficiaries of these trusts, except Katherine Faust, was enrolled in or entered in high school, college or university. As to any subsequent discretionary distributions by the trustees pursuant to the trust agreement, the record is unclear not only as to the frequency and amount but also as to whether any such distributions were in fact made. The petitioners, in computing the taxable gifts on their respective gift tax returns, excluded $21,000 pursuant to section 2503(b) for the gifts to each of the seven trusts. In his notices of deficiency, the respondent determined that the gifts in trust in 1969 to Lynn Ann Colaguori, Arthur W. Faust, *235 III, and Patricia Lynn Faust were gifts of future interests not qualifying for the annual exclusion. The respondent also determined that as to the gift in trust in 1969 to Katherine Faust, only the income interest was a gift of a present interest qualifying for the annual exclusion. The total value of the present interest in income was determined and agreed to be $5,578.73. [3]
Petitioners contend that they are each entitled to a $3,000 exclusion for each of the gifts to the four trusts in issue pursuant to either section 2503(b) or 2503(c). Those sections provide as follows: (b) EXCLUSIONS FROM GIFTS.--In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there *236 has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person. (c) TRANSFER FOR THE BENEFIT OF MINOR.--No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom-- (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended-- (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c). The term "future interests in property" refers to any "interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date." H. Rept. No. 708, 72d Cong., 1st Sess. (1932), 1939-1 C.B. (Part 2) 478; *237 S. Rept. No. 665, 72d Cong., 1st Sess. (1932), 1939-1 C.B. (Part 2) 526. Section 25.2503-3(b), Gift Tax Regs., defines a "present interest in property" as "an unrestricted right to the immediate use, possession, or enjoyment of property or the income from property (such as a life estate or term certain)." The nature of the interest is determined at the date the gift is made, Commissioner v. Gardner,127 F. 2d 929 (C.A. 7, 1942), and the burden is on the taxpayer claiming an exclusion to show that the interest was not a future interest. See, Commissioner v. Disston,325 U.S. 442 (1945). As regards all of the trusts in issue, we must decide whether the gift to each of the four beneficiaries was a gift of a present interest in the principal. All four trusts provided that each beneficiary was to receive one-half of the principal at age 25 and the balance at age 30. The trustees, as they deemed advisable in their sole discretion, from time to time could pay the principal to or for the beneficiary. If the beneficiary died before age 30, the unexpended principal was to be paid over to other trusts created for his or her brother and/or *238 sisters. Clearly, the interest of each of these beneficiaries in the principal was not a present interest pursuant to section 2503 (b). The rights of the beneficiaries to receive and enjoy such principal were contingent upon their surviving to the requisite ages, although there was a possibility they might receive part or all of it earlier. The distribution of principal being deferred until some later time, the gift of the principal was a gift of a future interest. Fondren v. Commissioner,324 U.S. 18 (1945). The fact that the trustees had the sole discretion to distribute the principal as they deemed advisable does not, as the petitioners contend, change this result but rather supports it, even though there might have been an actual distribution by the trustees. George M. Street,29 T.C. 428 (1957). See Hessenbruch v. Commissioner,178 F. 2d 785 (C.A. 3, 1950); Farha Schayek,33 T.C. 629 (1960). Absent some evidence that a steady flow of some ascertainable part of the principal to the minors would be required, no present interest in the principal was created. See Hessenbruch v. Commissioner,supra. *239 Section 2503 (c), which partially relaxes the future interest restrictions in the case of gifts to minors, is of no help to the petitioners. To be applicable all requirements of that section must be met. Under section 2503 (c) (2), all unexpended principal must pass to the beneficiary at age 21 or to his estate or appointees should he die before age 21. By the express provisions of these trusts, the beneficiary will not receive any of the principal until age 25. In addition, should the beneficiary die before age 30, his or her share in the unexpended principal would be payable to other trusts created for the beneficiary's brother and/or sister. Therefore, the gifts of principal to these four trusts were not gifts of present interests qualifying for the annual exclusion pursuant to either section 2503 (b) or 2503 (c). However, a gift may be separated into its component parts, one of which may qualify as a present interest so as to bring the statutory exclusion into play. Fondren v. Commissioner,supra;Arlean I. Herr,35 T.C. 732 (1961), affd. 303 F. 2d 780 (C.A. 3, 1962), acq. 1968-2 C.B. 2. The petitioners *240 contend that the income interests of Lynn Ann Colaguori, Arthur W. Faust, III, and Patricia Lynn Faust, are not disqualified as "future interests." We disagree. The trust agreements for Lynn Ann Colaguori, Arthur W. Faust, III, and Patricia Lynn Faust provided that net income be accumulated until age 16 or until the beneficiary enrolled in and entered high school, college or university, whichever occurred first. Thereafter, the net income was to be payable to the particular beneficiary. Each beneficiary was to receive one-half of the accumulated net income and principal at age 25 and the balance at age 30. The trustees, as they deemed advisable in their sole discretion, could pay accumulated income and principal to or for the beneficiary. If the beneficiary died before age 30, the unexpended income and principal would be paid over to other trusts created for his or her brother and/or sisters. The interests of these beneficiaries in the income of their respective trusts were not present interests under section 2503(b). The beneficiaries were not given the right to immediate present enjoyment of any ascertainable portion of the trust income at the moment of the gift. At the date *241 of the gifts neither Lynn Ann Colaguori, Arthur W. Faust, III, nor Patricia Lynn Faust had reached age 16 nor had they enrolled in and entered high school, college or university. Since the income was to be accumulated prior to the occurrence of the first of these events and thereafter such accumulated income was to be paid over with the principal at some future time, the entire gift of the income and the principal constituted a gift of a future interest. Fondren v. Commissioner,supra.A distribution by the trustees in their discretion of some or all of the income for the benefit of the beneficiaries would not change the nature of the interest. The existence of the power and discretion by the trustees not to distribute any of the income is enough to negate the existence of a present interest. Farha Schayek,supra;Hessenbruch v. Commissioner,supra.
For the same reasons applicable to the gifts of principal, section 2503 (c) does not apply to the gifts of the income. Specifically, the unexpended income would not be payable to the beneficiary's estate or appointees as required by section 2503 (c) (2) should the *242 beneficiary die before age 21. Under these trust agreements, the beneficiary's interest would pass to the trusts created for his or her brother and/or sisters. In accordance with the above, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The remaindermen in the trust for Arthur W. Faust, III, were his four sisters. The remaindermen in the trust for Patricia Lynn Faust were her brother and three sisters.↩
3. The only issue concerning this trust is whether the gift of the principal was a gift of a present interest thereby allowing the petitioners to make full use of the $6,000 exclusion available to them through the gift splitting provision of sec. 2513.↩