Robert E. HAMILTON and Mary V. Hamilton, Appellants,

v.

UNITED STATES of America, Appellee.

No. 75–3654.

United States Court of Appeals, Ninth Circuit.

May 13, 1977.

---

7. The District Court noted that the source of water under Claim 22 was present on the date of Murphy's notice of location.

James Powers, Powers, Boutell, Fannin & Kurnn, Phoenix, Ariz., argued for appellants.

Jonathan S. Cohen, Dept. of Justice, Tax Division, Washington, D. C., argued for appellee.

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

PER CURIAM:

Taxpayers sued in the district court for a refund of $32,490.66 paid in gift taxes under a deficiency assessment. They appeal from a summary judgment for the government. We affirm.

No material issue of fact remained after the relevant documents had been produced before the court. Robert and Mary Hamilton, in 1964, as owners of substantial farming property, executed a document called "Partnership and Trust Agreement".[1] This instrument conveyed certain farm real property to named trustees. It provided that during the life of the "trust" (which was to terminate on September 23, 1982) the "trustees" would have complete authority to manage the property.

The agreement's distribution clause provided that the trustees "shall annually, pay to each Beneficiary or apply on his or her behalf, * * * [his] share of such income from this Trust, and so much of the principal thereof as they shall deem advisable, and shall accumulate for each of such Beneficiaries all income not so distributed, which shall be added to the principal."

The "beneficiaries" were Robert and Mary Hamilton, their four children, a family corporation, and two individuals who were, with Robert Hamilton, also named trustees. Upon termination of the trust, distribution of the corpus was to be made to the beneficiaries. Prior to distribution, however, the managers of the farm (the trustees) had complete discretion in the distribution or accumulation of income. The beneficiaries had no dominion or control over their shares. A spendthrift clause in the instrument prevented any beneficiary from assigning or disposing of his share in any way except by "gift, devise or descent."

The trust instrument assigned to each beneficiary a percentage share of the equitable interest conveyed. Robert and Mary Hamilton jointly had 39.50 percent; Empire Farms Corporation had 13 percent; and each of four children was credited with approximately 10 percent. The remaining 6 percent was divided among nonfamily trustees.

During each of the years following the creation of the trust through 1971, Robert and Mary Hamilton made a gift from their share of the trust to each of the children, increasing each child's equitable interest in the corpus of the trust and decreasing accordingly the interest of the parents. Each year Robert and Mary took a gift-tax deduction under 26 U.S.C. § 2503(b) (1954). It is this deduction which the government as-

---

1. The taxpayers have used the "trust" terminology. In referring to "trust", "trustees", and "beneficiaries" in this opinion we do not intend to imply that we agree that the agreement created a trust. It is not necessary in this case to decide what the agreement created.

serts should not be allowed and which the taxpayers assert should be allowed. The outcome of this dispute turns on whether the gifts made during the years between 1964 and 1971 were gifts of "present" or "future" interests.

In 1970,[2] § 2503(b) provided, in relevant part, as follows:

"In the case of gifts (*other than gifts of future interests in property*) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not  *  *  *  be included in the total amount of gifts made during such year  *  *  *." (Emphasis added.)

The tax regulations define a "future interest" for the purposes of § 2503(b) as follows:

" *  *  *  'Future interest' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or time  *  *  *." 26 C.F.R. § 25.2503–3(a).

This definition has been adopted by the Supreme Court. *Commissioner of Internal Revenue v. Disston*, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720 (1945); *Fondren v. Commissioner of Internal Revenue*, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668 (1945).

■ The test of "present" or "future" interest is whether the donee has a right to the immediate possession or enjoyment of property. Lowndes, Kramer & McCord, Federal Estate and Gift Taxes § 33.5 (3d ed. 1974). If the donee does not have the right to immediate possession or enjoyment, his interest is a future interest even though possession or enjoyment is deferred for only a short time. *See Hessenbruch v. Commissioner of Internal Revenue*, 178 F.2d 785 (3d Cir. 1950); *Louise Jardell*, 24 T.C. 652 (1955). Furthermore, the donee gets a fu-

ture interest if his possession or enjoyment is subject to some contingency or the will of some other person. *See Commissioner of Internal Revenue v. Disston, supra; Fondren v. Commissioner of Internal Revenue, supra; Ryerson v. United States*, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917 (1941).

In this case, the Partnership and Trust Agreement provided that distributions would be made only at the order of the trustees. In addition, the beneficiaries were prohibited from selling or assigning their shares. As in the case of *Jacob W. Blasdel*, 58 T.C. 1014 (1972), "the beneficiaries might not receive any portion of the trust's asset or its fruits until the termination of the trust.  *  *  * [Such provisions are] a substantial barrier to the donees' present enjoyment of petitioners' gifts  *  *  *." 58 T.C. at 1019.

■ The Hamiltons strenuously argue that the gifts were present interests because they gave up all that they had to give. However, the interests that the Hamiltons were attempting to give to their children had been made subject to the same terms as the interests of the children. That is, the trust-beneficiary interest of Robert and Mary Hamilton was subject to the restrictions on alienation and to the discretion of the trustees as to distribution or accumulation of income. Accordingly, under the terms of the agreement, the interest retained by the donors from which they carved out the interests they gave to their donees during the period of the trust, were future interests within the meaning of § 2503(b).

At oral argument, there was a question about the possibility that the challenged gifts might at least include a gift of a present right to a stream of income each time a child's share in the trust was augmented by a gift from the parental share. But upon further briefing and further examination of the trust instrument, not even a stream of income can be characterized as

---

**2.** A similar gift in 1971 is similarly affected by the statute and by this decision, although the statute was amended in 1970.

a "present" interest. The instrument leaves too much control in the trustees, both in the management of the farm and in the distribution of income. Under the agreement, no beneficiary can be said to have a present interest in either principal or income.

The district court correctly ruled that because of the control retained by the trustees the gifts of interests within the trust among the various beneficiaries could not qualify as deductible gifts under § 2503(b).

Affirmed.