MARGUERITE E. McMANUS, Petitioner v. COMMISSIONER OR INTERNAL REVENUE, Respondent
McManus v. Commissioner
Docket No. 4841-78.
United States Tax Court
T.C. Memo 1980-296; 1980 Tax Ct. Memo LEXIS 289; 40 T.C.M. (CCH) 866; T.C.M. (RIA) 80296; August 5, 1980, Filed Louis M. Zavac, for the petitioner. William F. Hammack, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in gift tax as follows: Quarter Ended
Deficiency
12-31-73
$ 165
3-31-74
3,765
12-31-75
6,975
The sole issue for decision is whether gifts in trust made to various donees were gifts of a present interest entitling petitioner to section 2503(b)[1] gift tax exclusions. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing her petition, petitioner Marguerite E. McManus was a resident of *290 Maumee, Ohio. On each of December 26, 1973, January 2, 1974 and November 25, 1975, petitioner transferred one-fifteenth undivided interests in approximately 120 acres of land located in Lucas County, Ohio, to a trust for the benefit of her six adult children and their spouses. The transfers were made to Frank J.P. McManus, trustee, under the trust agreement dated December 20, 1973. The trust agreement provided the trustee with total discretionary powers to lease, mortgage, improve or sell the property.Specifically, the agreement provided in pertinent part: * * * 2. The Trustee shall have full power and authority: a. to hold, manage, preserve and control said property, collect and receive any rents and income thereof, pay all taxes thereon, and all expenses, costs, charges, claims, demands and liabilities incurred or arising in connection therewith, and to distribute all or such part of the net rents and income, and at such times as the Trustee, in his absolute discretion may deem best. * * * 3. Upon the sale of any of the real property held hereunder, and receipt of the proceeds thereof, the Trustee shall reserve such amount of such proceeds as it may is [sic] *291 his absolute discretion deem sufficient to pay or to make reimburesement [sic] for the payment of all expenses, charges, liabilities or other items which may exist against the trust or any of the property held in trust and shall pay over and distribute the balance of such proceeds to the benefit of the beneficiaries or their heirs, assigns in interest to their proportionate shares. 4. This trust shall terminate at such time as the Trustee may sell all of the real property in the trust, and upon termination the Trustee shall pay over, distribute and convey free of trust the then remaining property, if any, and other assets then remaining in the Trustee's hands to the beneficiaries, their heirs and assigns, in interest in their propertionate [sic] shares and the Trustee shall thereupon be discharged from all further duties, responsibilities and liabilities thereunder. 5. It is the intention of the Donor that the Trustee shall have unrestricted power to deal with the trust estate as if the absolute owner thereof except as limited by the terms of this agreement, and the Trustee shall not be liable for any demands or claims arising out of the exercise of his discretion or any *292 power hereunder or for any mistake or error of judgment in the management of the trust excepting only claims based on the Trustee's wilful neglect of duty. * * * It was petitioner's intent in creating the trusts to make gifts to her children of the proceeds upon sale of the property. The real estate, which was the subject of the three gifts made by petitioner, was unproductive wooded land. The property was non-income producing, but did generate expenses. On December 26, 1973, petitioner and the trustee entered into a contract with Ohio Consolidated Properties, Inc. ("Ohio Properties"). The option agreement gave Ohio Properties the right to purchase the 120 acres of land at any time during the twelve-month period following December 26, 1973. The option agreement provided that the option could be extended for two additional twelve-month periods upon the payment of additional consideration. Ohio Properties subsequently did extend the option for both of the additional twelve-month periods. The consideration paid by Ohio Properties to petitioner and the trustee for the granting of the option and for subsequent extensions was used to pay real estate taxes on the property. *293 As of the date of the first gift, the donor and the trustee knew arrangements were being made to enter into the option agreement for the sale of the property to Ohio Properties. The trust property was subject to the option agreement at the time petitioner made the second and third gifts to the trust. At the execution date of the option agreement, petitioner and trustee knew that Ohio Properties would be required to comply with certain environmental regulations. Thus, the option agreement was entered into to provide Ohio Properties with the time necessary to obtain the required environmental approvals and to allow it to arrange for water and sewer facilities for the property. As of the date of the option agreement, the parties had no way of knowing if or when the option would be exercised. Although the option was twice extended, it was never exercised by Ohio Properties because Ohio Properties was unable to comply with certain Lucas County environmental regulations. No distributions were made from the trust during the years in issue. Petitioner filed gift tax returns for the calendar quarters ended December 31, 1973, March 31, 1974, and December 31, 1975, which reflected *294 the three gifts in trust and correctly valued each undivided one-fifteenth interest in the real estate at $36,000. On each of the gift tax returns, petitioner claimed twelve annual exclusions of $3,000 each.[2] Accordingly, petitioner reported zero taxable gifts. In his notice of deficiency for the calendar quarters ended December 31, 1973, March 31, 1974, and December 31, 1975, respondent determined that the gifts in trust represented future interests in property and that no annual exclusions were allowable. OPINION The issue for decision is whether certain gifts in trust made by petitioner were gifts of a present interest entitling petitioner to gift tax exclusions under section 2503(b). Section 2503(b) provides for a $3,000 exclusion of gifts made to each donee in a calendar year, provided the gifts are not of future interests in property. Section 25.2503-3(a), Gift Tax Regs., defines future interests to include" * * * reversions, remainders, and other interests or estates, whether vested *295 or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or time." (Emphasis added.) On the other hand, section 25.2503-3(b) defines a present interest in property as "[an] unrestricted right to the immediate use, possession, or enjoyment of property or the income from property * * *." Petitioner contends that the gifts in trust for her children and their spouses were gifts of present interests because the trustee was required to distribute to the donees the net proceeds upon sale of the property in whole or in part. We disagree. Upon the sale of any of the property held by the trust, the trustee was required to distribute the proceeds of sale to the trust beneficiaries after retaining a sufficient amount to pay all expenses or liabilities against the trust. However, this distribution was dependent upon the happening of uncertain future events. First, although Ohio Properties did hold an option to purchase the property, any sale was contingent on the exercise of this option. At the time of making the gifts, any sale and subsequent distribution of the proceeds to the *296 donees was a mere future possibility. Second, although petitioner granted the trustee the power of sale, the power was totally discretionary and without direction as to the time or conditions of sale. The only absolute direction given by petitioner to the trustee with regard to distributions of corpus is contained in paragraph 4 of the trust instrument. That paragraph provides that at such time as the trustee sells all of the real property in the trust, the trust shall terminate and the trustee shall then distribute all the remaining property to the donee-beneficiaries. Thus, until the sale of all the property occurred, the trustee could withhold or distribute proceeds from sales of portions of the property, as he deemed advisable in his absolute discretion.Accordingly, we hold that the donee-beneficiaries had only a future interest in the possession, use or enjoyment of the property or the proceeds from its sale. Moreover, the donees had no present interest in income from the property.The property was unproductive real estate. The trustee had the power to distribute net rent and income if at some time income were generated. However, by the terms of the trust, the donees' *297 right to receive the income payments was subject to the trustee's discretion. Where, as here, a trustee has the power or discretion to postpone or accumulate the payment of income, the income interest does not qualify for the section 2503(b) exclusion. Fondren v. Commissioner, 324 U.S. 18, 20 (1945); Hamilton v. United States, 553 F. 2d 1216 (9th Cir. 1977). We conclude that the gifts in trusts made by petitioner to various donees were gifts of future interests in property within the meaning of section 2503(b). Therefore, the figts do not qualify for the exclusion from taxable gifts provided by that section. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the periods in issue.↩
2. The exclusions were claimed for each of six children and their respective spouses.↩